## 35208. CHAPMAN *v.* THE STATE.

DECIDED JULY 7, 1954—REHEARING DENIED JULY 21, 1954.

*Grady Gillon, Edward F. Taylor,* for plaintiff in error.
*O. L. Long, Solicitor,* contra.

TOWNSEND, J. ■ Error is assigned in the first special ground upon the overruling of objections to the testimony of three witnesses on the ground that such testimony related to independent criminal transactions, was too remote in point of time, and did not tend to prove the defendant's guilt of the crime with which he was charged. The testimony admitted over objection was that . in May, 1949, the defendant's car was searched and lottery tickets found therein and he admitted he was carrying on a lottery; in May, 1950, he and one Pilcher were seen to get out of an automobile in which lottery tickets were found on the front seat; and in September, 1949, lottery tickets and paraphernalia were found in a room in Pilcher's house which the defendant was then occupying, and he stated that the equipment belonged to himself, and that Pilcher had no knowledge of or interest in it.

In the second special ground, error is assigned on the following . charge to the jury: "I charge you that the defendant is on trial for the particular offense charged against him in the accusation and not on account of, nor for, any other alleged offense or offenses, if any. Where, however, method, plan, scheme, purpose or identity depending upon a person's state of mind are involved as a material element in a particular criminal offense for which defendant is on trial, evidence of the defendant's conduct with reference to similar transactions, if any, about the same time, is admissible for consideration of the jury, insofar only as they may tend to illustrate the state of the defendant's mind on the subject involved, or to show method, plan, scheme, purpose or identity."

The approved brief of evidence recites that, in opening the case for the State, the solicitor stated to the jury that the defendant had been engaged in the lottery business in the years 1949 and 1950, which he expected to prove to the jury. Counsel for the defendant, in opening the case, stated to the jury that the defendant admitted operating a lottery three years before, but that he then quit the "bug" business and had since operated an automobile repair shop. Counsel stated as a contention of the defendant that he was not guilty and that he did not possess a lottery or knowingly participate in keeping a lottery, and had not done so for a period of over three years prior to this indictment. Even if the evidence was objectionable and its admission was error, such error, in view of the admission of counsel for the

defendant, was harmless. It cannot be said that the admission of the evidence was prejudicial to the defendant after the solicitor-general had without objection told the jury in opening the case that he expected to prove these facts, and after counsel for the defendant in opening the case before the jury admitted that it was true. *Broadnax* v. *State*, 31 *Ga. App.* 736 (1) (122 S. E. 96); *Battle* v. *Braswell*, 107 *Ga.* 128 (1) (32 S. E. 838). The charge of the court limiting the effect of this evidence was, accordingly, proper. *Frank* v. *State*, 141 *Ga.* 243 (1 b, c) (80 S. E. 1016). These grounds are without merit.

■ In addition to the evidence set out in the first division of this opinion, the evidence for the State showed that police officers had been watching the defendant for eight or nine days prior to the arrest; that on each day, between 1:30 and 2 o'clock, he went to the home of a negro woman known to be in the lottery business; that he would drive by without stopping but blow his horn, then circle and return, at which time the woman would walk out of the house and hand him a package, and he would then drive to the house of Pilcher. On the day in question Pilcher's house was raided, and the officers found him and his wife at home, and two packages of lottery tickets, containing 117 and 90 tickets respectively, on a kitchen table. Simultaneously, the defendant was being followed and he was observed to pick up a package from the negro woman's house in accordance with his usual custom. A roadblock was thrown up and he was stopped, and before he was stopped an officer stationed about 150 or 200 feet away saw him drop a small package wrapped with brown paper into the roadway. The officer did not retrieve the package at that time. They stopped the defendant, spent between 5 and 15 minutes searching him, drove about one or two miles to the courthouse, immediately returned, and saw the parcel lying in the roadway in the spot where it had fallen when dropped from the defendant's car. It was retrieved and found to contain lottery tickets. The officer positively identified the package as being the same one dropped by the defendant. An effort was made to impeach this testimony, because the witness gave as his reason for not picking it up in the first instance that he was expecting to see a larger package with more tickets in it; yet this same witness had watched, from a

distance of about 100 feet, the woman hand the package to the defendant as he drove by her house. Since, however, the witness's testimony was positive and direct, and must have been given credence by the jury, it must also be accepted as true by this court, the jurors being the sole judges as to the credibility of witnesses. Code § 38-1805; *Williams* v. *State*, 87 *Ga. App.* 661 (2) (74 S. E. 2d 894).

The trial court did not err in denying the motion for a new trial as amended.

*Judgment affirmed. Gardner, P. J., and Carlisle, J., concur.*