## 22367. MODERN HOMES CONSTRUCTION COMPANY v. MACK.

DUCKWORTH, Chief Justice. This case is here by exceptions to the overruling of a plea to the jurisdiction, plea in abatement, traverse of service, and general demurrer to the petition, all raising almost the identical question as to the lack of jurisdiction of the trial court. *Held:*

By solemn admissions in judicio counsel admitted that the only difference between this case and that of *Modern Homes Construction Co. v. Mack*, 218 Ga. 795 (130 SE2d 725), is the pleading of *Code Ann.* § 3-202 (Ga. L. 1962, p. 659) in this case which makes the advertising and sale under the power of a security deed a pending suit authorizing this suit against the nonresident in this county where the foreclosure is occurring. But in *Modern Homes Construction Co. v. Burke*, ante, the language in *Code Ann.* § 3-202 (Ga. L. 1962, p. 659) which attempts to make foreclosures and sales under power pending litigation was declared unconstitutional and hence, under repeated rulings of the courts, unconstitutional statutes confer no rights, impose no duties and offer no protection; and this suit can not be maintained under the guise that this unconstitutional statute gives the court jurisdiction. Norton v. Shelby County, 118 U. S. 425 (6 SC 1121, 30 LE 178); *Stewart v. Davidson*, 218 Ga. 760 (130 SE2d 822). Thus this court must apply the law as it exists at the time of our judg-

ment, which shows no authority for the bringing of this suit again in this county. *Western Union Telegraph Co. v. Smith,* 96 Ga. 569 (23 SE 899); *Western Union Telegraph Co. v. Lumpkin,* 99 Ga. 647 (26 SE 74); *Bullard v. Holman,* 184 Ga. 788 (193 SE 586, 113 ALR 763); *Bowers v. Keller,* 185 Ga. 435 (195 SE 447); *Hoover v. Brown,* 186 Ga. 519, 526 (198 SE 231); *City of Valdosta v. Singleton,* 197 Ga. 194, 208 (28 SE2d 759). The above ruling disposes of the entire case, and the judgments complained of must be reversed.

*Judgments reversed. All the Justices concur.*

ARGUED FEBRUARY 10, 1964—DECIDED FEBRUARY 18, 1964.

*W. C. Hawkins,* for plaintiff in error.
*Hilton & Hilton, L. H. Hilton,* contra.

*Judgments reversed. All the Justices concur.*