## 42784. JONES v. THE STATE.

PANNELL, Judge. Cape Jones was convicted of robbery and duly sentenced. He appeals to this court enumerating as error various occurrences upon the trial of the case.

On the trial a witness for the State, upon direct examination, was aksed the following question: "Are you familiar with that [FBI] record on this defendant?", to which the witness gave an affirmative answer, whereupon the defendant interposed the following objection: "I object to any FBI records since the records would be the highest and the best evidence." The prosecuting attorney then tendered in evidence "record 129465 showing convictions of Cape Jones." The defendant then renewed his objections to the admission of the record on the same grounds and additional grounds of lack of proper authentication, and also made a motion for mistrial because of the prejudicial remarks of the prosecuting attorney. The court sustained the objections to the answer of the witness and instructed the jury in the following manner: "I am going to overrule the motion for mistrial with the instructions to the jury that remarks made by the attorneys in offering evidence and objecting to evidence is not evidence in itself, and you will disregard any remarks. You will not consider the remarks made by the solicitor general . . . as being evidence. You will eliminate it from your minds entirely." The motion for mistrial was not then renewed. Later, after this same witness on direct examination had testified without objection that he knew the general reputation of Cape Jones "in the community" and that it was bad, the witness on cross examination by the defendant was asked and answered several questions, his answers indicating that he was not familiar with the defendant's reputation in the community. At this point the following question was asked and the following answer given: "And not knowing any of these things you have testified affirmatively before this court that his character is bad?" Answer: "I based my testimony on the FBI record of which I have access to for his previous convictions for robbery." The defendant then addressed the following request to the court. "Since there is nothing in the record pertaining to any FBI report I move the court to instruct the jury to remove that from their minds." During the discussion and argument that immediately followed, the prosecuting attorney repeated what the

witness had said and the defendant moved for a mistrial stating "this is the second time Mr. Thompson [the prosecuting attorney] has brought this information out in the presence of the jury, and I say it's highly prejudicial. It's irrelevant and it's grounds for a mistrial, and I so restate my motion for mistrial." The court overruled the motion for mistrial and instructed the jury that "any remarks by the attorneys are not evidence and you will not regard it as evidence, and you will eliminate it from your minds entirely. You determine this *case upon the evidence submitted to you* during the trial of the case, and the defendant's statement, giving it such weight, and credit as you think it's entitled to receive, applying thereto the laws given you in charge by the court, and that's the way you will arrive at the verdict." *The court did not instruct the jury to disregard the testimony of the witness in reference to the FBI reports.* At this point the defendant did not renew his "restated" motion for mistrial. *Held:*

1. The Supreme Court in *Kendrick v. Kendrick,* 218 Ga. 460 (4) (128 SE2d 496) held: "When a motion for mistrial is made and the trial court instructs the jury not to consider the alleged error upon which the motion is based, and counsel neither requests further instruction nor renews the motion for mistrial, the assignment of error based on the denial of the motion for mistrial is without merit." Whether or not this rule would apply in the present case, where a renewal of a motion was subsequently made in a similar situation, it is not necessary to decide, because the trial court erred in refusing and failing to instruct the jury to disregard the testimony of the witness relating to the FBI report disclosing previous convictions of the defendant for robbery. While the court instructed the jury to disregard the repetition of the witness's statement by the prosecuting attorney he did so by instructing the jury that what the attorney said was not evidence but that they should determine the case upon the evidence submitted. The jury could well have understood this to mean that they could disregard what the attorney said but could not disregard what the witness said. The judgment must be reversed for this reason.

2. The other errors are either without merit, or if error, are such as are not likely to occur upon another trial.

*Judgment reversed. Bell, P. J., and Whitman, J., concur.*

ARGUED MAY 1, 1967—DECIDED NOVEMBER 8, 1967.

*Richardson & Chenggis, Platon P. Constantinides,* for appellant.

*Lewis R. Slaton, Solicitor General, J. Walter LeCraw, J. Roger Thompson, Amber W. Anderson,* for appellee.