### 46694.   JOHNSON v. STANDARD OIL COMPANY.

QUILLIAN, Judge. Standard Oil Company filed a petition for a declaratory judgment alleging that it was the owner in fee simple of the property known and designated as

number 130 and 132 Oconee Street, City of Athens, Clarke County, Georgia, together with a parking lot in the rear thereof and that the same was leased to Charles M. Johnson, and that the lease expired on July 31, 1971, at midnight. Standard Oil Company's petition further alleged that a controversy existed between Standard Oil Company and Charles M. Johnson as to whether or not he is required by law to vacate the premises and surrender them to Standard Oil Company by midnight, July 31, 1971, and because of the uncertainty and insecurity caused by this controversy that the Standard Oil Company cannot without danger of irreparable loss, go forward with its contract and plans for the demolition of the building and the improvements of the premises. Standard Oil Company's petition further alleged that Johnson had not made arrangements for other premises into which to remove his property from the leased premises and that Johnson had stated that he had permission to remain in the leased premises beyond the expiration of the lease. The Superior Court of Clarke County issued a show cause order for Johnson to be heard as to why the petition should not be granted. Johnson filed his defensive pleadings denying the allegations of Standard Oil Company's petition for declaratory judgment and specifically setting forth that the remedy of declaratory judgment was not appropriate under the facts of the case and the pleadings therein. The answer further alleged that the defendant was not required to surrender the premises and that he did not know if the plaintiff owned the property.

A hearing was held and during it the defendant through his counsel made an admission in judicio that he did not have any right to possession after the expiration of the lease. The trial judge then entered an order stating that the defendant had no right of possession of the property when the lease expired and granted the plaintiff a writ of possession. The appellant then filed an appeal to this court. *Held:*

When issue was joined the facts of the case showed there was an actual controversy as to who was entitled to possession of the property upon the conclusion of the lease thereby presenting a case for declaratory judgment. *Greene v. Golucke,* 202 Ga. 494 (43 SE2d 497); *State Hwy. Dept. v. C. F. Williams Lumber Co.,* 222 Ga. 23 (148 SE2d 426). The trial court was authorized to issue the writ of possession. *Code Ann.* § 110-1102 (Ga. L. 1945, p. 137; 1959, pp. 236, 237).

*Judgment affirmed. Jordan, P. J., and Evans, J., concur.*

ARGUED NOVEMBER 2, 1971—DECIDED JANUARY 20, 1972—REHEARING DENIED FEBRUARY 14, 1972.

*Guy B. Scott, Jr.,* for appellant.

*Fortson, Bentley & Griffin, Edwin Fortson,* for appellee.