47378.   BOARDMAN v. GEORGIA RAILROAD BANK
& TRUST COMPANY.

STOLZ, Judge. 1. The trial court properly overruled the general and special demurrers, the use of which was abolished in this State by § 7 (c) of the Civil Practice Act (*Code Ann.* § 81A-107 (c); Ga. L. 1966, pp. 609, 618; as amended, Ga. L. 1967, pp. 226, 230).

2. The trial court properly overruled the motion to dismiss.

(a) The presentation of a petition for confirmation of a sale under power to a judge of the superior court of the county wherein the land lies within 30 days after the sale, satisfies the notice requirement of *Code Ann.* § 67-1503 (Ga. L. 1935, p. 381). The law does not require the *filing* of the petition within the aforesaid 30-day period.

(b) The mailing of copies of the petition to the defendant and his counsel within 5 days of the hearing, in the absence of a contention of nonreceipt thereof, constituted "notice" of the hearing as required by *Code Ann.* § 67-1505 (Ga. L. 1935, p. 381), the mode of service of which is prescribed by *Code Ann.* § 81A-105 (b) (Ga. L. 1966, pp. 609, 615; as amended).

3. At the confirmation hearing, appellant's counsel stated to the court that the property "was foreclosed and bought in for $130,000. This court has got to determine whether that's the fair market value of the property at the time." This constituted an admission in judicio by appellant's counsel of the truthfulness of the allegation to that effect in appellee's petition and dispensed with the necessity of further proof thereof. See *Travelers Ins. Co. v. Miller,* 104 Ga. App. 554, 567 (122 SE2d 268) and cit.; *Gregory v. Star Enterprises,* 122 Ga. App. 12 (1) (176 SE2d 241) and cit.

The evidence as to the value of the land, although conflicting, was sufficient to authorize the judgment confirming the sale.

*Judgment affirmed. Bell, C. J., and Evans, J., concur.*
ARGUED SEPTEMBER 5, 1972—DECIDED SEPTEMBER 19, 1972.

*Franklin H. Pierce, Lanier, Powell, Cooper & Cooper, L. Valdi Cooper,* for appellant.

*Cumming, Nixon, Yow, Waller & Capers, Regnald Maxwell, Jr., John B. Long,* for appellee.