## 62645. COMBINED CONTRACTORS, INC. et al. v. WELCH et al.

Shulman, Presiding Judge.

Appellant Combined Contractors, Inc., through its president, appellant William Blount, entered into a contract with appellee Trust Company Bank to complete construction of a house. Subsequently, Blount and appellee Billy Welch made an oral agreement concerning completion of the construction work on the house owned by Trust Company Bank. Welch brought suit against Combined Contractors, Inc., Blount, and Trust Company Bank in an effort to enforce the oral contract Welch had with Blount. After finding in favor of the bank, the jury found for Welch against Combined Contractors and Blount in the amount of $5,628.70 actual and $5,000 punitive damages. Appellants now maintain that the trial court made a number of errors which necessitate a new trial.

1. Most of the errors enumerated by appellants are concerned with the general grounds and the sufficiency of the evidence regarding the damages awarded Welch. "Where a jury returns a verdict and it has the approval of the trial judge, it must be affirmed if there is any evidence to support it, as the jurors are the sole and exclusive judges of the weight and credit given the evidence." *Hill Aircraft &c. Corp. v. Flanders,* 143 Ga. App. 504, 505 (239 SE2d 155). From the evidence and testimony adduced at trial, the jury was authorized to conclude that Blount had orally agreed, in exchange for the completion of the construction by Welch, to split with Welch any profit made on the contract between Combined Contractors, Inc. and Trust Company Bank, and to reimburse Welch for the expenses he incurred in completing the house. There was evidence from which the jury could determine that 50% of the profit made on the Combined Contractors-Trust Company Bank contract was $3,143.70, and that Welch was reimbursed $7,100 for expenses totalling $9,585. Thus, the jury was authorized to find that Blount and Welch had a contractual relationship through which Blount owed Welch $5,628.70.

2. Five of appellants' remaining enumerations of error revolve around the $5,000 in punitive damages awarded Welch by the jury. A review of the record reveals that this award is not supported by the evidence and therefore was unauthorized and must be stricken from the judgment. Punitive damages cannot be awarded in a suit on a contract even if the refusal to pay was in bad faith. Code Ann. § 20-1405; *Nestlé Co. v. J. H. Ewing & Sons,* 153 Ga. App. 328 (265 SE2d 61). Although Welch alleged fraud in his complaint, there was not sufficient evidence of fraud adduced at trial to support an award of punitive damages. Citations to evidence of fraud in the record are, in fact, citations to erroneous recollections or statements of attorneys involved in the litigation, and not evidence.

3. Appellants also maintain that the trial court erred when it charged the jury on partnership, joint venture and corporate shareholders. Inasmuch as appellants did not object to the court's charges on joint venture and corporate shareholders before the jury returned its verdict and the charges given were not erroneous and harmful as a matter of law, this court may not now consider appellants' objections. Code Ann. § 70-207 (a), (c).

4. The trial court was authorized to give a charge on partnership since there was evidence that a parol contract of partnership had been executed by Blount and Welch with regard to the completion of the construction. Code Ann. §§ 75-101, 75-102.

5. The trial court was correct in refusing to grant appellants' motion for a new trial. The error discussed in Division 2 of this opinion does not require a new trial since it is remedied by striking the offensive award from the judgment.

*Judgment affirmed with direction. Birdsong and Sognier, JJ., concur.*

DECIDED JANUARY 5, 1982.

*Fred W. Minter,* for appellants.

*A. Felton Jenkins, Jr., Hugh Nations, R. Marcus Lodge,* for appellees.