70106. JOHN H. SMITH, INC. v. TEVEIT et al.
70107. JOHN H. SMITH, INC. v. KRIZKA et al.
(333 SE2d 856)

Pope, Judge.

Plaintiffs/appellees were homeowners in a Cobb County subdivision known as Kings Crossing on June 5, 1981 when their properties were damaged by flooding which occurred during a "brief" rainfall. Plaintiffs brought these actions against defendants Gaskins & Hogan Surveying Company, Inc. and John H. Smith, Inc., alleging that the June 5, 1981 flood was caused by the negligence of each defendant, and seeking actual damages, punitive damages, and attorney fees. Gaskins & Hogan filed a third-party complaint against Cobb County. Smith filed a cross-claim against Gaskins & Hogan, but abandoned the claim prior to the entry of the jury verdict in this case. Following a week-long trial, the jury returned verdicts in favor of plaintiffs and against only defendant Smith for actual damages and punitive damages. This appeal follows the denial of Smith's motions for new trial and j.n.o.v.

1. Smith's first two enumerations of error challenge the sufficiency of the evidence both to support the verdict as to actual damages as well as the verdict as to punitive damages. Specifically, these enumerations cite as error the denial of Smith's motions for directed verdict at the close of plaintiff's evidence and also at the close of all the evidence.

(a) The focus of Smith's challenge to the award of actual damages is its contention that plaintiffs failed to prove that Smith either owned or developed a certain tract of land adjacent to plaintiffs' properties known as the Lake Latimer Subdivision. The Lake Latimer Subdivision lies at a higher elevation than plaintiffs' properties. As is pertinent here, plaintiffs alleged that the Lake Latimer Subdivision was owned and developed by Smith; that the subject flood and resultant damage to their properties were caused by Smith's negligently allowing construction materials and debris to be carried downstream from the Lake Latimer Subdivision to clog the storm drains located under plaintiffs' driveways and under the street; that Smith also failed to maintain sufficient retention ponds for the water upstream; and that Smith's development of the Lake Latimer Subdivision caused additional water to flow downstream through their properties. In response to Smith's motion for directed verdict at the close of their cases, plaintiffs argued that counsel for Smith had made an admission in his opening statement to the jury that Smith was involved in these cases because it was the developer of the Lake Latimer Subdivision. The trial court reserved ruling on Smith's motion until all the evidence was in. At that time Smith renewed his motion, and the trial court denied it.

The thrust of Smith's argument on appeal is that plaintiffs in the presentation of their cases failed to show that Smith was the party responsible for the alleged negligence in failing to take appropriate measures to keep debris and silt from the Lake Latimer Subdivision from being washed into and clogging the drainage system of Kings Crossing Subdivision, thereby causing the flood which damaged plaintiffs' properties. Smith contends that when the trial court ultimately ruled on its motion for directed verdict after all parties had closed, the court's ruling should have been based upon the evidence that had been presented at trial up to the conclusion of plaintiffs' cases, notwithstanding the fact that on cross-examination during the presentation of its defense Smith admitted that although it had sold a couple of lots, it was the owner and developer of the Lake Latimer Subdivision. Smith "cites no case in support of this position and we have found none. Furthermore, sound reasoning dictates that [its] contention should not be upheld. Even if the trial judge erroneously failed to direct a verdict at the conclusion of the plaintiffs' evidence if thereafter evidence be admitted without objection, which, when considered with evidence previously admitted, makes out a case in favor of the plaintiffs . . . it would be substituting procedure and form for substance to say that the case ought to be reversed and a new trial granted. To establish such a rule would manifestly be contrary to the intent of the Civil Practice Act and of the Appellate Practice Act and also contrary to the rule which prevailed in this State with respect to motions for nonsuit under the former practice. This contention is without merit." *Young v. Wiggins*, 229 Ga. 392, 393 (191 SE2d 863) (1972).

Although the holding in *Young v. Wiggins*, supra, is dispositive of Smith's challenge to the verdicts awarding plaintiffs actual damages in these cases, there are several other reasons worth noting as to why its challenge is without merit. First, our review of the record in this case discloses that although Smith's answers to plaintiffs' complaints denied both ownership and development of the Lake Latimer Subdivision, Smith, in setting forth its defenses in the pretrial order entered in these cases, stated "[t]hat this defendant owns the adjoining tract to the west of plaintiffs' property which is at a higher elevation," i.e., the Lake Latimer Subdivision. In essence, Smith's defense, as set out in the pretrial order, was that any damage suffered by plaintiffs was either due to the nature of plaintiffs' properties in relation to Smith's property, or due to the negligence of others. A pretrial order "limits the issues for trial to those not disposed of by admissions or agreements of counsel. The order, when entered, controls the subsequent course of the action unless modified at the trial to prevent manifest injustice." OCGA § 9-11-16 (b). " 'If a claim or issue is omitted from the order, it is waived.' " *Ga. Power Co. v. O'Bryant*, 169 Ga.

App. 491, 495 (313 SE2d 709) (1984). The pretrial order in the cases at bar was not modified, nor did Smith move to have it modified. It follows that plaintiffs were not required to introduce proof of Smith's ownership of the Lake Latimer Subdivision. See also *Echols v. Bridges*, 239 Ga. 25, 27 (235 SE2d 535) (1977); *McGuire v. Winkler*, 167 Ga. App. 104 (2) (306 SE2d 70) (1983).

Second, as noted earlier, plaintiffs assert that Smith admitted it was the developer of the Lake Latimer Subdivision in Smith's counsel's opening statement to the jury wherein Smith was introduced as such. Although the opening statements were not reported, when this issue was raised during trial counsel for Smith did not deny making the admission in his opening remarks. It is clear that plaintiffs relied on this admission in addition to the testimony of their witnesses at trial in order to establish Smith's responsibility for the damage caused by the subject flood. "Statements of counsel during the trial of a case may be regarded as admissions in judicio. [Cits.]" *Gregory v. Star Enterprises*, 122 Ga. App. 12, 13 (176 SE2d 241) (1970). See *Chapman v. State*, 90 Ga. App. 564 (1) (83 SE2d 572) (1954). Compare *Orkin Exterminating Co. v. Gill*, 222 Ga. 760 (2) (152 SE2d 411) (1966), wherein the in-court statement made by counsel for one of the parties was held not to be a solemn admission in judicio constituting an estoppel where it was not shown that the other party relied upon or was misled by such statement.

Finally, the record shows that during the presentation of plaintiffs' cases, witness Gaskins of defendant Gaskins & Hogan testified on direct examination without objection that Smith was the owner of the Lake Latimer Subdivision. Gaskins & Hogan had done the surveying work for Smith in that subdivision. Gaskins also asserted that Smith could have been responsible for the flooding of plaintiffs' properties. On cross-examination of witness Gaskins, counsel for Smith again referred to Smith as the developer of the Lake Latimer Subdivision. There was also testimony which circumstantially connected Smith with the development of the Lake Latimer Subdivision. In light of this testimony during plaintiffs' presentation of their cases, the evidence did not demand a verdict in favor of Smith, and, therefore, the trial court did not err in denying Smith's motion for directed verdict. See OCGA § 9-11-50 (a); *MERR Enterprises v. Abbott Foods of Ga.*, 171 Ga. App. 464 (1) (320 SE2d 214) (1984). See generally *Able-Craft, Inc. v. Bradshaw*, 167 Ga. App. 725 (1) (307 SE2d 671) (1983); *Speir v. Williams*, 146 Ga. App. 880 (1) (247 SE2d 549) (1978).

(b) The evidence was sufficient to show that Smith's negligence was the proximate cause of the flood which damaged plaintiffs' properties, notwithstanding evidence indicating that other events and/or the actions of other parties to this lawsuit may have contrib-

uted to plaintiffs' injuries. See *Blazer Financial Svcs. v. Stewart*, 141 Ga. App. 156 (4) (233 SE2d 1) (1977). This evidence showed that Smith was responsible for mud, silt and debris from the Lake Latimer Subdivision flowing unobstructed onto the Kings Crossing Subdivision and clogging the Kings Crossing drainage system in the area of plaintiffs' properties causing the flood and plaintiffs' resultant damages. As to the issue of punitive damages, however, Smith argues that there is no evidence authorizing the imposition of same. " 'To authorize the imposition of punitive or exemplary damages there must be evidence of wilful misconduct, malice, fraud, wantonness, or oppression, or that entire want of care which would raise the presumption of a conscious indifference to consequences.' [Cits.] 'The latter expression relates to an intentional disregard of the rights of another, knowingly or wilfully disregarding such rights.' [Cit.]" *Claussen Paving Co. v. Cibak*, 156 Ga. App. 393 (1) (274 SE2d 652) (1980). See *Battle v. Kilcrease*, 54 Ga. App. 808 (4) (189 SE 573) (1936). The evidence showed that Smith had been advised by Cobb County on several occasions to install sediment controls in the drainage areas of the Lake Latimer Subdivision, and that Smith had promised to do so. The evidence also showed, although disputed, that Smith installed no hay bales, silt screens or other sediment control devices necessary to control the mud, silt and other debris which would naturally flow towards plaintiffs' properties as the result of its clearing and developing the heretofore undeveloped property known as the Lake Latimer Subdivision. Under these circumstances, the jury was authorized to find that Smith acted with conscious indifference to consequences in failing to install appropriate sediment control devices which failure resulted in plaintiffs' damages. See *Ponce de Leon Condominiums v. DiGirolamo*, 238 Ga. 188 (1) (232 SE2d 62) (1977); *Raymar, Inc. v. Peachtree Golf Club*, 161 Ga. App. 336 (1) (287 SE2d 768) (1982); *Claussen Paving Co. v. Cibak*, supra. It follows that the trial court did not err in denying Smith's motion for directed verdict on the issue of punitive damages. Smith's reliance on the decision in *Gen. Refractories Co. v. Rogers*, 240 Ga. 228 (239 SE2d 795) (1977), is misplaced as that case is factually distinguishable from the case at bar.

We find no error as to the sufficiency of the evidence to support the verdicts for any reason assigned on appeal.

2. Smith's enumerations five and six cite as error the trial court's charge on the issue of nuisance. These enumerations are entirely specious. First, the issue of nuisance concerned only the third-party complaint by Gaskins & Hogan against Cobb County, and this fact was clearly charged to the jury. Second, Smith made no objection to this charge at trial. The record discloses that plaintiffs' counsel, counsel for Cobb County and counsel for Gaskins & Hogan made the only objections to the subject charge, which was given a second time at the

request of one of the jurors. On the basis of these objections, the trial court directed counsel for all parties to prepare a recharge on the issue of nuisance. This was done, and the language agreed to by all parties was charged to the jury. This later charge on nuisance was subsequently recharged at the jury's request on two additional occasions to which Smith's counsel raised no objection and, in fact, on one occasion stated: "I think probably a recharge on that issue might clear matters up."

3. Smith's seventh enumeration assigns error to the trial court's charge relating to admissions. However, Smith may not now complain of the giving of this charge as it made no objection thereto at trial. See OCGA § 5-5-24 (a). Furthermore, we find the challenged charge was a correct statement of the law (see *Central of Ga. R. Co. v. Johnston*, 106 Ga. 130 (1) (32 SE 78) (1898); *Jordan v. Hancock*, 91 Ga. App. 467, 479 (2) (86 SE2d 11) (1955)), was adjusted to the circumstances in this case (see Division 1, supra), and was not likely to confuse the jury. Therefore, it cannot be said that the charge was substantial error as a matter of law. See OCGA § 5-5-24 (c). See generally *Central of Ga. R. Co. v. Luther*, 128 Ga. App. 178 (1) (196 SE2d 149) (1973).

4. For the reasons set forth in the foregoing divisions of this opinion, the trial court did not err in entering judgment on the jury's verdicts and in denying Smith's motions for new trial and j.n.o.v.

*Judgments affirmed. Deen, P. J., and Beasley, J., concur.*

DECIDED JULY 9, 1985 —
REHEARINGS DENIED JULY 30, 1985 —

*George G. Chenggis*, for appellant.
*Hansell L. Smith*, for appellees.