## 72114. FULLER et al. v. THE STATE.
### (344 SE2d 698)

BANKE, Chief Judge.

The three appellants were convicted of shoplifting. At trial each of them denied culpability and further denied ever having been charged with, tried for, or convicted of any crimes. On appeal, their sole contention is that the court committed reversible error by failing to give their requested charge on the effect of evidence of good character. *Held*:

"[A] proper instruction on character should be given whenever the accused places his character in issue. However, in the absence of a timely request, the failure to give the charge on character will not require a new trial, except in exceptional cases. *Spear v. State*, 230 Ga. 74 (195 SE2d 397) (1973)." *Edwards v. State*, 235 Ga. 603, 605 (221 SE2d 28) (1975). A criminal defendant may put his character in issue by evidence of his reputation or by his own testimony to the jury. See *Murray v. State*, 157 Ga. App. 596 (1) (278 SE2d 2) (1981). The appellants in this case did place their character in issue by their testimony, and their requested charge was both timely and in writing. It follows that the failure to give it constituted reversible error.

*Judgment reversed. Birdsong, P. J., and Sognier, J., concur.*

DECIDED APRIL 9, 1986.

*Howard W. Jones,* for appellants.
*Darrell E. Wilson, District Attorney, Mickey R. Thacker, Assistant District Attorney,* for appellee.