## 73774. RUSSELL v. THE STATE.
### (353 SE2d 565)

DEEN, Presiding Judge.

Ivy Russell appeals from his conviction of aggravated assault by shooting one of his tenants in the leg. He enumerates as error the general grounds, the impermissible placing of his character in issue, the court's giving certain jury instructions and failing to give certain others, and certain other allegedly improper procedures at the trial

level. *Held*:

1. Examination of the record reveals that the state produced ample competent evidence to support the jury verdict of "guilty." The evidence showed that appellant was armed with two guns at the time of the incident; that he discharged both in the victim/tenant's direction, one bullet striking the latter in the leg; and that appellant was the aggressor in the exchange of threats with the victim. The jury determines the weight of the evidence, while the appellate court determines only its sufficiency. *Puckett v. State*, 178 Ga. App. 143 (342 SE2d 487) (1986). The enumeration of the general grounds (Nos. 1-3) is without merit.

2. The trial transcript reveals the following. Appellant testified that he had objected when the tenant, in whose quarters the plumbing was broken, turned on an outdoor faucet adjacent to appellant's own dwelling, located next door. When the tenant declined to obey appellant's order to turn off the faucet, appellant told him that, as soon as he could put on his shoes, he would come over and "make" the tenant desist from using the faucet. The prosecuting attorney then asked, "You were going to go over there and make him turn that water back off?" Appellant replied, "I was going to go over there and cut the water off. I wasn't going to do nothing to him." Appellant then added gratuitously, "I'm not a violent man." A scant dozen lines down the page of the transcript, however, appellant testified that at the time of this exchange he was wearing both his guns; that, in fact, it was his custom the first thing upon arising (even before donning his shoes, apparently) to make sure that both guns were in his pockets. In the light of this testimony, the state concluded that appellant had "opened the door" to character evidence, and called to the stand a witness who testified as to appellant's reputation in the community for being quarrelsome and prone to violence.

Our scrutiny of the trial transcript persuades us that the state drew a reasonable and proper conclusion from defendant/appellant's testimony and therefore did not act improperly in introducing testimony to rebut the character evidence presented (however inadvertently) by the defendant himself. *Fuller v. State*, 178 Ga. App. 725 (344 SE2d 698) (1986). Moreover, the transcript reveals that the challenged testimony was not objected to at trial and therefore was not properly preserved for appellate review. *Kitchens v. State*, 228 Ga. 624 (187 SE2d 268) (1972); *Kingston v. State*, 127 Ga. App. 660 (194 SE2d 675) (1972). Appellant's sixth enumeration is also without merit.

3. We have thoroughly examined all the jury instructions requested and all those actually given, and conclude that the jury charge, taken as a whole, was a correct statement of relevant law as adjusted to the instant fact situation. *Lavender v. State*, 234 Ga. 608

(216 SE2d 855) (1975); *Brown v. Matthews*, 79 Ga. 1 (4 SE 13) (1886). Moreover, none of the instructions given could be reasonably construed as in any way impermissibly shifting the burden of proof to the defendant. Compare *Sandstrom v. Montana*, 442 U. S. 510 (99 SC 2450, 61 LE2d 39) (1979); *Sewell v. State*, 238 Ga. 495 (233 SE2d 187) (1977). Appellant's seventh, eighth, ninth, tenth, eleventh, and twelfth enumerations are without merit.

4. A careful reading of appellant's brief indicates that he has *de facto* abandoned his fifth enumeration of error, in which he alleges that the trial court "threatened sanctions against the appellant and threatened to exclude [him] from the trial," in violation of his rights under the Fifth and Sixth Amendments to the Constitution of the United States, as incorporated through the Fourteenth Amendment. Out of an abundance of caution we have examined the transcript, despite appellant's apparent abandonment of this assignment of error, to determine that no Constitutional right has been violated. The incident to which appellant alludes is this: After several outbursts on appellant's part, the trial court informed him, outside the jury's presence, that he would be removed from the courtroom if he again engaged in such unseemly behavior. Even if appellant had properly pursued this assignment of error, the incident of which he complains could hardly be reasonably regarded as rising to the level of abridgement or denial of constitutional rights. This enumeration, too, is without merit.

5. Thorough scrutiny of the record indicates that appellant's remaining assignment of error is not meritorious. See OCGA § 17-9-1. We would also remind him of the requirements regarding sequence of argument and *de facto* abandonment of an unsupported citation of error, as set forth in Court of Appeals Rule 15, Structure and Content of Briefs.

*Judgment affirmed. Birdsong, C. J., and Pope, J., concur.*

DECIDED JANUARY 26, 1987—
REHEARING DENIED FEBRUARY 3, 1987 —

*James A. Meaney III*, for appellant.
*David L. Lomenick, Jr., District Attorney*, for appellee.