### 44052. PRESTON v. THE STATE.
(354 SE2d 135)

MARSHALL, Chief Justice.

The appellant was convicted of one count of theft by receiving stolen property, OCGA § 16-8-8, and one count of giving a false name to a law enforcement officer with the intent of misleading the officer as to his identity. OCGA § 16-10-25. For the theft-by-receiving conviction, he was sentenced to ten years' imprisonment with six years to serve in the penitentiary and four years on probation. He was given a concurrent 12-month sentence for the false-name conviction. His appeal is in this court because he challenges the constitutionality of OCGA § 16-10-25, supra, which provides: "A person who gives a false name or address to a law enforcement officer in the lawful discharge of his official duties with the intent of misleading the officer as to his identity is guilty of a misdemeanor." For reasons which follow, we reverse the false-name conviction, on the ground that the evidence is insufficient to support it; therefore, we do not reach the constitutional question.[1] However, we affirm the theft-by-receiving conviction, as the evidence is sufficient to support it and no reversible error appears.[2]

These are the facts. On August 10, 1985, at approximately 9:30 p.m., Archie Scott drove his 1978 Audi Fox automobile to Scott Boulevard Motors, where he went to look at used cars. He parked the Audi in the parking lot, and approximately ten minutes later he observed an unidentified individual steal the car. He reported the car stolen to the police. The car was returned to him approximately five

---

[1] The appellant argues that OCGA § 16-10-25 violates his constitutional right of privacy under *Kolender v. Lawson,* 461 U. S. 352 (103 SC 1855, 75 LE2d 903) (1983).

[2] The crime was committed on August 11, 1985. The trial was held on November 20, 21, and 22, 1985. A motion for new trial was filed on January 21, 1986, and an amended motion for new trial was filed on July 10, 1986. The order denying the amended motion for new trial was entered on October 23, 1986. The notice of appeal was filed on October 27, 1986, and the transcript of evidence was filed on October 30, 1986. The record was docketed in this court on November 6, 1986, and the case was submitted for decision on January 20, 1987.

days later, and the hood was damaged.

At approximately 1:30 a.m. on August 11, 1985, DeKalb County Police Officer J. P. Lietch was on a stake-out detail, and he observed this car being driven in a suspicious manner, i.e., as if the driver of the car was "casing" a gasoline station for a robbery. He stopped the car, and the driver, appellant herein, identified himself as "Benjamin Preston." Another person, one Bobby Lane, was a passenger in the car. The appellant had no license, certificate of title, or other registration papers in his possession. When the police officer checked on the status of the vehicle, he was informed that it was stolen.

At police headquarters, the appellant was interrogated by Detective R. E. Malone, and he identified himself as "Benjamin Toney Preston." The appellant's false-name conviction is based on the state's contention that in a prior arrest, the appellant had been booked as "Timothy Preston."

There was testimony that Michael Kornegay had had his 1960 Chevrolet stolen on the evening of June 2, 1985. Approximately one week later, during the early morning hours of June 29, DeKalb County Police Officer J. L. Goodrum was on stake-out detail. He observed this vehicle, which had been reported stolen, in the parking lot of a nightclub. He wanted to see if anyone took possession of it, and at approximately 3:45 a.m., the appellant exited the nightclub, entered the vehicle, and attempted to crank it. However, the police officer had disconnected the coil so that the car would not start. The car's owner, Michael Kornegay, testified that when the car was returned to him, various items were missing, and the radio and speakers had been ripped out.

In this appeal, the appellant argues that: (1) The evidence is insufficient under *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979), to support the verdict. (2) The trial court erred in conducting the trial even though the appellant had not been arraigned or given three days' notice of arraignment. (3) The trial court violated the appellant's constitutional rights by denying his request to represent himself, or alternatively, by failing to grant his pro se motion for bond and a continuance to secure a private attorney. (4) The trial court violated the appellant's constitutional rights by denying his motion alleging that the conduct of the trial violated double jeopardy, constituted a multiple prosecution, and was barred by the doctrine of collateral estoppel. (5) The trial court erred in allowing the state, over objection, to introduce evidence concerning the prior automobile arrest. (6) Uniform Superior Court Rule 31.3 violates the separation-of-powers requirement of Art. I, Sec. II, Par. III, of the Georgia Constitution of 1983, in that it enacts a rule of evidence; and it also violates Art. VI, Sec. I, Par. IX, of the Georgia Constitution of 1983, which provides, "All rules of evidence shall be as prescribed by law." (7)

The trial court erred in denying the appellant's motion in limine, which sought to prohibit admission of the following evidence: (a) testimony of the arresting police officer that he apprehended the appellant because, based on his years of police experience, he suspected that the appellant and his companion were casing the gasoline station; (b) testimony of the arresting police officer that the appellant had been drinking, and (c) evidence of the appellant's sentence and conviction in the prior trial. (8) The following jury instruction violated the appellant's Fifth Amendment right not to incriminate himself and was unconstitutionally burden-shifting: "Witnesses are presumed to speak the truth unless they have been impeached in some manner as provided by law."

We will address the foregoing arguments seriatim.

1. Based on the evidence presented at trial, which primarily consisted of the eyewitness testimony of a police officer, any rational trier of fact could have found the appellant guilty beyond a reasonable doubt of theft by receiving stolen property.

However, we do find insufficient evidence to support the appellant's false-name conviction. The only evidence supporting this conviction was provided by Detective Malone, the police officer interrogating the appellant after his arrest. On direct examination, Detective Malone testified that when he interrogated the appellant, the appellant gave his name as "Benjamin Toney Preston." He further testified that, in order to verify the appellant's identity, he checked the police department's criminal-history files, and "the files indicated that, under a previous name, [the appellant] was booked in as 'Timothy Preston.'" However, no evidence was introduced as to which of these names was the appellant's true name and which of these names was his false name. Cf. *Johnson v. State*, 149 Ga. App. 273 (1) (253 SE2d 889) (1979). Therefore, we find the evidence to be insufficient to support this conviction.

2. The trial court did not err in conducting the trial without the appellant's having been arraigned, in that the appellant expressly waived formal arraignment in a not guilty plea entered prior to trial.

3. The trial court did not violate the appellant's constitutional rights by denying his request to represent himself or by failing to grant his request to change his attorney.

The Sixth Amendment does not grant a defendant, who does have the absolute and unqualified right to appointed counsel, the additional right to counsel of his own choosing. E.g., *United States v. Brown*, 591 F2d 307, 310 (5th Cir. 1979). And, "[w]hile it may be error to deny one the right to defend his own cause (*Faretta v. California*, 442 U. S. 806 (1975)) where the right was timely urged prior to trial (*United States v. Bennett*, 539 F2d 45, 50 (1976)), the defendant cannot frivolously change his mind in midstream. *Smith v. State*, 142 Ga.

App. 406 (2) (236 SE2d 107) (1977)." *Clark v. State,* 145 Ga. App. 119 (2) (243 SE2d 97) (1978).

4. The conduct of the trial did not violate double-jeopardy rights or constitute a multiple prosecution; nor was it barred by the doctrine of collateral estoppel.

The appellant's argument to the contrary is based on the fact that he was previously tried in the same court for theft by receiving stolen property in connection with his theft of the 1960 Chevrolet on June 29, 1985. As previously stated, the theft in this case occurred on August 11, 1985.

Although it could be said that these constitute the same offenses as a matter of law, they are different offenses as a matter of fact in that they were established by wholly different evidence, and they did not arise from the same conduct. Thus, there is no bar to either successive prosecution or multiple punishment. See OCGA § 16-1-6 et seq.; *Haynes v. State,* 249 Ga. 119 (288 SE2d 185) (1982) (Marshall, J., dissenting).

In order for a plea of double jeopardy based on the doctrine of collateral estoppel to be sustainable, the record of the prior proceeding must affirmatively demonstrate that a question of fact requiring proof as an essential element of the state's case was necessarily determined in the former trial. *United States v. Haines,* 485 F2d 564 (7th Cir. 1973). Consequently, the appellant's reliance upon the doctrine of collateral estoppel is misplaced.

5. The trial court did not err in allowing the state to introduce evidence concerning the prior automobile theft. Such evidence was highly relevant on the issue of criminal intent. *Rich v. State,* 254 Ga. 11 (1) (325 SE2d 761) (1985) and cits.

6. Uniform Superior Court Rule 31.3 establishes certain procedures under which the prosecution is required to give the defendant pretrial notice of its intent to present evidence of similar transactions or occurrences, and, if such evidence is to be introduced at trial, the judge must hold a hearing out of the presence of the jury and approve the prosecution's request. This Rule is one of procedure and not evidence, and it in no way violates the constitutional requirement of separation of governmental powers. See Art. VI, Sec. IX, Par. I, of the Georgia Constitution of 1983.

7. The complained-of testimony of the police officer who arrested the appellant was admissible as part of the circumstances of the arrest. E.g., *Bishop v. State,* 155 Ga. App. 611 (2) (271 SE2d 743) (1980). The record of appellant's sentence and conviction for the prior theft-by-receiving conviction was excluded on the ground that it had not been properly certified.

8. The complained-of jury instruction was not unconstitutionally burden-shifting, nor violative of the defendant's Fifth Amendment

privilege against self-incrimination. See *Noggle v. State*, 256 Ga. 383 (4) (349 SE2d 175) (1986).

*Judgment affirmed in part and reversed in part. All the Justices concur.*

DECIDED APRIL 8, 1987 —
RECONSIDERATION DENIED APRIL 22, 1987.

*J. M. Raffauf*, for appellant.

*Robert E. Wilson*, District Attorney, *James W. Richter*, Assistant District Attorney, for appellee.

*Michael J. Bowers*, Attorney General, *J. Michael Davis*, Assistant Attorney General, amicus curiae.