## A89A1107. BUTTS v. THE STATE.
### (389 SE2d 395)

BIRDSONG, Judge.

Charged with kidnapping, aggravated assault, and robbery, appellant was convicted of false imprisonment and simple assault. In his sole enumeration of error, appellant contends the trial court committed reversible error by overruling appellant's objection to a portion of the State's cross-examination of appellant.

The record reflects that on direct examination appellant testified that he had been employed as a correctional (mental health) sergeant at the Metro Correctional Institution; that he subsequently was employed as a security officer; that he never had been convicted of any type of crime; that nothing like this had ever happened to him before; and, that he did not commit the crimes charged in the indictment. He also testified twice on direct examination that he had received an honorable discharge from the Marine Corps. Inherent within this testimony is the unmistakable assertion that appellant was an honorable, law-abiding person engaged in the broad field of law enforcement.

On cross-examination, appellant testified that he was a board certified police officer; that he still considered himself as a police officer when he became employed as a security officer; and, that he was a person who follows the law. The prosecutor then inquired: "Why then on April 23 did the police find dope in your car?" Appellant's counsel made an immediate "objection," and requested that the jury retire so that a motion could be made outside its presence. Thereafter, appellant moved for a mistrial. Appellant's counsel asserted inter alia the following grounds in support of the objection and motion: "There is no way to undo the prejudice in this case. If he answers the question, anyway he answers it, *the specter of dope is put out in this case. . . .* This is an attempt by the State *to smear the defendant, paint him as a bad man*, without any . . . proof that it is tied to him at all, *simply as a way to prejudice the jury against this defendant*." (Emphasis supplied.) The trial court denied the motion for mistrial and overruled the companion objection.

1. Liberally construing statutory appellate requirements "so as to bring about a decision on the merits of every case appealed and to

avoid dismissal of any case or refusal to consider any points raised therein . . ." OCGA § 5-6-30, we find that appellant has adequately raised on appeal of his criminal conviction the issue of whether the question posed "was proper for impeachment of appellant." Moreover, we note that at trial appellant expressly objected to the question in issue and moved for a mistrial on several grounds, including the ground that "specter of dope" alluded to in the question painted appellant "as a bad man." Thus, appellant effectively, albeit inartfully, asserted that the question was improper impeachment because it improperly placed his character in issue.

2. The evidence that marijuana was found in the car appellant was driving at the time of his arrest *would tend to directly refute and impeach both his inherent assertions on direct examination and his express assertion on cross-examination* that he was the type of person who obeyed the law. "Once a defendant 'opens the door' for character evidence, specific events may be used in testing the extent and foundation of the defendant's knowledge and the correctness of his testimony on direct examination." *Brown v. State*, 237 Ga. 467, 468 (228 SE2d 853); accord *Williams v. State*, 257 Ga. 761 (4) (363 SE2d 535). Moreover, the facts of this case are distinguishable from the facts of *State v. Rocco*, 259 Ga. 463 (1) (384 SE2d 183) where the prosecution initially elicited the testimony sought to be impeached from the criminal defendant on cross-examination and then impeached such testimony with evidence which was otherwise inadmissible. Here, appellant's cross-examination responses *were inextricably linked* to his direct testimony concerning his honorable and law-abiding character. Compare *Weaver v. Ross*, 192 Ga. App. 568 (386 SE2d 43). Thus, impeachment of the cross-examination responses in this particular instance would per force impeach testimony voluntarily given by appellant in direct examination in his own behalf. Moreover, this interpretation is consistent with the express statutory intent that rules of evidence be "framed with a view" to promoting "the discovery of [the] truth" in judicial proceedings. OCGA § 24-1-2.

The dissent, in essence, would assert that *Williams* and *Brown* are cases limited in application to the impeachment of a defendant's testimony. Suffice it to reiterate that the evidence offered by the State was admissible for purposes of impeachment of appellant. It is a cardinal evidentiary rule that if evidence is duly admissible under any legitimate theory, it should be admitted even though it does not qualify for admission under one or more other theories of admissibility. *Boatright v. State*, 192 Ga. App. 112 (6) (385 SE2d 298); *Pugh v. State*, 191 Ga. App. 394, 395-396 (382 SE2d 143). See *Wyatt v. State*, 206 Ga. 613, 616-617 (57 SE2d 914). Moreover, we will not reverse a correct decision of the trial court, regardless of the reason given therefor. *Ely v. State*, 192 Ga. App. 203 (4) (384 SE2d 268).

The dissent asserts that in the case at bar the State did not offer *evidence* that appellant was not law abiding, and the district attorney's question itself did not qualify as evidence. Suffice it to say that the State also is entitled to a thorough and sifting cross-examination, OCGA § 24-9-64, and that having placed not only his character as an honorable, law-abiding citizen in issue on direct examination, the State had a statutory right to conduct cross-examination over those areas as if appellant were "any other witness." OCGA § 24-9-20. Cross-examination is a legitimate means of obtaining *evidence* by asking leading questions and seeking to secure admissions in evidence thereto from the person being examined. As hereinafter discussed, the record supports a finding that the State posed its question in good faith, and that the question was posed for the legitimate purposes of impeachment. In fact, we note that in response to the questions posed, appellant ultimately admitted that he had been informed by the police that they had found marijuana in the car. We do not construe *Williams* as prohibiting the use of cross-examination in a good faith *attempt* to impeach an appellant who on direct examination has voluntarily given testimony obviously calculated to impress the jury as to certain traits of his character. Appellant, having chosen a certain trial strategy and having engaged in certain calculated trial tactics in support thereof during direct examination, cannot complain when the State exercises its statutory right to a thorough and sifting cross-examination. OCGA § 24-9-64. Moreover, the construction of *Williams* urged by the dissent would not facilitate a search for the truth. OCGA § 24-1-2.

The dissent implies that the prosecutor acted in bad faith in posing the contested question on cross-examination because there was no evidentiary basis for the prosecutorial query at issue. Such a conclusion is speculative at best.

In *State v. Clark*, 258 Ga. 464 (369 SE2d 900), the Supreme Court held that "[a] district attorney must be able *to show* that the questions posed [on cross-examination] . . . were asked in good faith and based on reliable information that can be supported by admissible evidence." (Emphasis supplied.) The record before us contains not the slightest shred of evidence that the prosecutor acted in bad faith, that he acted on unreliable information or that his question could not be supported by admissible evidence. It is well-established in this state that public officials, and this certainly includes assistant district attorneys, perform their duties lawfully, and in good faith. *Pope v. U. S. Fidelity &c. Co.*, 200 Ga. 69, 74 (35 SE2d 899); *Hudson v. State*, 185 Ga. App. 508 (364 SE2d 635). In view of this presumption and the actual state of the record, the requirements of *State v. Clark*, supra, have been met. Further, we decline to interpret *State v. Clark*, supra, as requiring a prosecutor *sua sponte* to produce evidence that the

questions he posed were done in good faith. Such an interpretation would spawn a presumption of bad faith contrary to the rule announced in *Pope, supra.* Rather, consistent with our modern-American *adversarial* system of jurisprudence, *State v. Clark, supra,* is interpreted merely as requiring that the prosecutor "must be able to show," upon a timely demand that he do so, "that the questions posed . . . were asked in good faith and based on reliable information." No such timely demand exists in this record.

Moreover, *Clark v. State,* 186 Ga. App. 106 (6) (366 SE2d 361) is factually distinguishable. In *Clark v. State, supra* at 110, "the district attorney admitted he did not have certified copies of appellant's record *or witnesses* to testify concerning these acts, and stated that his questions were based upon information he had gleaned from hearsay reports submitted by his office investigator." (Emphasis supplied.) No such admissions were made in this case. Moreover, Police Officer Nuckles testified that he had *inventoried the interior of the vehicle* appellant was driving. On appeal we will construe the evidence most strongly to support the verdict. *Lance v. State,* 191 Ga. App. 701 (2) (382 SE2d 726); *Watts v. State,* 186 Ga. App. 358 (1) (366 SE2d 849). It may reasonably be inferred from this testimony of record that Police Officer Nuckles was the officer who found the marijuana during the *inventory* of the interior of the vehicle, and obviously he was available to testify in court. Moreover, the record *affirmatively* reflects the following admission in judicio by appellant's defense counsel: "As I understand the evidence, there was a small amount of marijuana in the glove compartment or under the seat, I am not sure which, *in the vehicle when it was inventoried.*" (Emphasis supplied.) Compare *Modern Homes Constr. Co. v. Mack,* 219 Ga. 715 (135 SE2d 386); *John H. Smith, Inc. v. Teveit,* 175 Ga. App. 565, 567 (1) (a) (333 SE2d 856); *Boardman v. Ga. R. Bank &c. Co.,* 127 Ga. App. 63 (3) (192 SE2d 390); *Johnson v. Standard Oil Co.,* 125 Ga. App. 486, 487 (188 SE2d 174); *Chapman v. State,* 90 Ga. App. 564 (1) (83 SE2d 572); see Green, Ga. Law of Evid. (2d ed.), Admissions, § 238, note 24 and accompanying text. Accordingly, we conclude that no error in fact occurred, *Williams, supra; Brown, supra,* and that *the trial court did not manifestly abuse its discretion* in overruling the objections, in denying the mistrial motion, and by admitting the evidence in question. See generally *Gully v. Glover,* 190 Ga. App. 238 (4) (378 SE2d 411); *Santone v. State,* 187 Ga. App. 789, 792 (371 SE2d 428); *Whisnant v. State,* 178 Ga. App. 742, 743 (344 SE2d 536).

It is further noted that following the denial of the objections and the motions for mistrial, no request for a limiting or other cautionary instruction was made. "A motion for a mistrial is not per se the equivalent of a specific request for a curative instruction to the jury. In fact, the party moving for a mistrial does not normally seek or

want a cautionary instruction. If following a denial of a mistrial motion a party wishes the jury to be so instructed, it is in their best interest specifically to request so." *Oller v. State*, 187 Ga. App. 818 (4) (371 SE2d 455); see *Brown v. State*, 190 Ga. App. 324 (6) (378 SE2d 908). Appellant having failed to timely move for a curative instruction waived his right of relief for error on this issue. Compare *Carr v. State*, 259 Ga. 318 (2) (380 SE2d 700).

Furthermore, if evidence is duly admissible under any legitimate evidentiary theory, it should be admitted, although it does not qualify for admission for any other purpose. *Boatright v. State*, supra; *Pugh v. State*, supra. And, " '(a) correct decision of a trial court will not be reversed, regardless of the reasons given therefor.' " *Ely v. State*, supra at (4); accord *Tony v. Pollard*, 248 Ga. 86 (1) (281 SE2d 557).

3. Assuming, arguendo, error, even of constitutional magnitude, had occurred by the questioning of appellant concerning the existence of marijuana in the car, we would find such error harmless beyond a reasonable doubt in light of the overwhelming evidence of appellant's guilt. *Palmer v. State*, 186 Ga. App. 892 (3) (369 SE2d 38); *LaRue v. State*, 137 Ga. App. 762 (2) (224 SE2d 837), citing *Chapman v. California*, 386 U. S. 18 (87 SC 824, 17 LE2d 705).

The testimony of the victim, the witness Hillman, and of Police Officers Nuckles, Williams, and Dukes overwhelmingly proves beyond any reasonable doubt appellant's guilt. Justice is not served by reversing criminal convictions when error is harmless—an accused is entitled only to a fair trial, not a perfect one. Accordingly, consistent with well-established judicial precedent, we find no grounds existing which would warrant the reversal of appellant's conviction.

*Judgment affirmed. Carley, C. J., Deen, P. J., Banke, P. J., and Pope, J., concur. Beasley, J., concurs in judgment only. McMurray, P. J., Sognier and Benham, JJ., dissent.*

BENHAM, Judge, dissenting.

I respectfully dissent from the majority's conclusion that the portion of the State's cross-examination of appellant called into question was proper impeachment of appellant's earlier testimony.

1. During the State's cross-examination of appellant, a former officer at a correctional institution, he admitted he considered himself a "peace officer" and agreed with the assistant district attorney's query that he "follow[ed] the law." The prosecutor then inquired: "Why then on April 23 did the police find dope in your car?" which prompted an objection from appellant's counsel that appellant's character was being impugned. The trial court overruled the objection, apparently believing that the discovery of marijuana in the car appellant was driving at the time of his arrest was admissible as part of the circumstances of appellant's arrest.

The majority holds that the State's cross-examination was valid impeachment of appellant's statement that he followed the law. The Georgia Supreme Court discussed the issue of impeachment of a criminal defendant's testimony in *Williams v. State*, 257 Ga. 761, 763 (363 SE2d 535) (1988). "Upon the making of [the] assertion [that he was a law-abiding, certified peace officer], he became subject to impeachment as to its veracity. 'If a defendant testifies, he may be cross-examined by the prosecution like any other witness.' [Cit.] That impeachment may proceed in the following manner: (1) If the defendant in fact [was not a law-abiding, certified peace officer], then *evidence establishing such a fact* would be admissible for the purpose of impeaching his credibility; and (2) If he had been convicted of such a crime, then a certified copy of such conviction would be admissible . . . to establish the falsity of the assertion." (Emphasis supplied.) In the case at bar, the State did not offer *evidence* that appellant was not law-abiding, and the assistant district attorney's question itself did not qualify as testimony or evidence. See *Jones v. State*, 116 Ga. App. 624 (158 SE2d 301) (1967). It is undisputed that the State did not attempt to impeach appellant by proffering a certified copy of a conviction. Thus, the prosecutorial query did not qualify as impeachment of appellant's testimony that he was a law-abiding, certified peace officer.

Focusing on the testimony of the officer who stated that he "inventoried" the interior of the vehicle appellant was driving at the time of his arrest, the majority theorizes that "[i]t may reasonably be inferred" (p. 827) that the officer found marijuana in appellant's car and was available to so testify. The fact of the matter is that the officer *did not* testify that he found marijuana in appellant's vehicle. Thus, the officer's testimony does not provide an evidentiary basis for the prosecutorial query at issue.

The majority also relies on the "admission" by appellant's trial attorney that a small amount of marijuana was found in appellant's car when it was inventoried. That remark was made outside the presence of the jury in the discussion which followed the objection to the State's cross-examination. It certainly cannot serve as evidence upon which the prosecutorial query at issue might be based since "statements of the attorneys (are) not evidence. . . ." *Goodman v. State*, 255 Ga. 226 (3) (336 SE2d 757) (1985). See also *Combined Contractors v. Welch*, 160 Ga. App. 790 (2) (288 SE2d 229) (1982); *Jones v. State*, 116 Ga. App. 624, supra.

In light of the above, I cannot agree with the majority that the State's unsubstantiated inquiry about marijuana allegedly found in appellant's car constituted valid impeachment of appellant's testimony that he was a law-abiding man. Since I believe the majority's conclusion to be incorrect, I will address the additional grounds for

admission offered by the State.

2. The State maintains that its cross-examination of appellant was proper because appellant had placed his character in issue by calling witnesses who testified as to his good character. Appellant did place his character in issue by calling witnesses who testified to his good reputation in the community. *Fuller v. State,* 178 Ga. App. 725 (344 SE2d 698) (1986). "[W]here the defendant offers testimony of a witness as to his general good reputation in the community, the State may prove the defendant's general bad reputation in the community, and may additionally offer evidence that the defendant has been convicted of prior offenses under the authority of OCGA § 24-9-20 (b). . . . [However,] [t]he rule remains that the State may not prove the defendant's general bad character by specific acts of bad conduct." *Jones v. State,* 257 Ga. 753, 758 (363 SE2d 529) (1988). Thus, in the case at bar, the State could have rebutted appellant's evidence of his general good reputation in the community by offering evidence of appellant's general bad reputation in the community or by offering evidence of prior convictions of appellant. However, neither method was followed. Instead, under the State's theory, the State responded to appellant's good character evidence by using an unsubstantiated charge of possession of marijuana, a specific bad act (not a conviction), to prove appellant's bad character. Use of a specific bad act to prove general bad character is a method specifically prohibited by Footnote 8 in *Jones v. State,* 257 Ga. 753, supra. Thus, the assistant district attorney's query was not appropriate as proper rebuttal evidence under OCGA § 24-9-20 (b) to appellant's evidence of his general good character.

3. The State also argues that the prosecutorial query was admissible as part of the circumstances connected with appellant's arrest. I wholeheartedly agree that the circumstances connected with an arrest is proper evidence and admissible as part of the res gestae of an arrest, even though it may incidentally place a defendant's character in issue. *Fudge v. State,* 184 Ga. App. 590 (2) (362 SE2d 147) (1987); *Wolke v. State,* 181 Ga. App. 635 (2) (353 SE2d 827) (1987). See also *Bishop v. State,* 155 Ga. App. 611 (2c) (271 SE2d 743) (1980). However, it is the *testimony* of a witness who has firsthand knowledge of the circumstances, i.e., the arresting officer, the searching officer, an eyewitness, etc., that is admissible. See *Preston v. State,* 257 Ga. 42 (7) (354 SE2d 135) (1987) (testimony of the arresting officer); *Cooper v. State,* 188 Ga. App. 629 (1) (373 SE2d 796) (1988) (testimony of the undercover officer/purchaser); *Fudge v. State,* supra (testimony of the arresting officer); *Wolke v. State,* supra (testimony of the victim). In the case at bar, there is no *testimony* concerning the search of appellant's vehicle and the purported discovery of contraband. The assistant district attorney's question was not testimony or evidence (see

*Jones v. State*, 116 Ga. App. 624, supra); therefore, he could not have been permitted to introduce in this manner the highly prejudicial evidence that appellant was involved in another crime at the time of his arrest.

Inasmuch as the State introduced the subject of appellant's possible bad character in an impermissible manner and attempted to impeach appellant in an impermissible way, I believe the trial court erred in overruling appellant's objection. Since "[i]t is essential that the jury be not improperly influenced or prejudiced against persons on trial" (*Anderson v. State*, 206 Ga. 527 (2) (57 SE2d 563) (1950)), I would reverse the judgment of conviction entered against appellant and remand the case for a new trial. See *Dukes v. State*, 256 Ga. 671 (352 SE2d 561) (1987).

I am authorized to state that Presiding Judge McMurray and Judge Sognier join in this dissent.

DECIDED DECEMBER 5, 1989.

*Michael H. Lane*, for appellant.

*Lewis R. Slaton, District Attorney, Joseph J. Drolet, Doris L. Downs, William L. Hawthorne III, Assistant District Attorneys*, for appellee.