A93A2049. LINLEY v. THE STATE.
(436 SE2d 688)

BLACKBURN, Judge.

The appellant, Michael Linley, was convicted of three counts of sexual battery and one count of simple battery, with all offenses in-

volving three female students at the high school where he taught. His sole contention on appeal is that the trial court erred in denying his motion for mistrial based upon the State's placement of his character in issue.

All of the acts in question occurred on school premises when Linley had the victims isolated. At trial, one student testified that after she had taken some papers to the office for him, Linley pushed her into an empty classroom, kissed her on the lips, fondled her breasts, and put his hand down her pants and touched her vagina. Another student testified that as she stood next to his desk reviewing a school assignment, Linley put his hand on her leg and rubbed it up and down. On another occasion, Linley fondled her breasts after she had taken some papers to the office for him. The third victim told how, as she helped him grade papers on the last day of school, Linley kissed her, touched her breasts and vagina, and asked her if she would like to be his girl friend. The State also presented the testimony of one of Linley's former students from another high school, regarding a similar incident in 1981.

During closing argument, the district attorney remarked about Linley's position of authority and influence over students, and how unfortunate the situation was that not only had violations of the State's criminal laws occurred, but also a breach of trust. The district attorney then referred to the three victims and the former student who testified about the similar incident, and reiterated that "it's unfortunate when a teacher abuses his position such as this."

At that point, defense counsel moved for mistrial on the grounds that the district attorney's closing argument regarding breach of trust placed Linley's character in issue. The trial court denied the motion, but immediately gave curative instructions to the jury, emphasizing that the trial concerned only the offenses alleged in the accusation, and that the defendant's position as teacher should be considered only so far as it pertained to those charges. The court also instructed the district attorney to confine his closing remarks to the acts for which Linley was charged and not to any aspects of the teaching profession, except to the extent it pertained to the charged offenses.

"Where improper statements have been made by counsel in the presence of the jury, it is the duty of the judge to endeavor to remove from the minds of the jury improper impressions made by unfair argument; and in determining the proper method the judge is vested with a sound discretion, and his rulings thereon will not require a new trial, unless it manifestly appears that his discretion was abused." *Hicks v. State*, 196 Ga. 671, 673-674 (27 SE2d 307) (1943).

In the instant case, as noted by the trial court, inasmuch as the charges involved a school teacher perpetrating criminal acts upon several of his students, some element of an abuse of a position of trust

would unavoidably be injected by the evidence proving the offenses. The trial court's instructions to the jury to consider Linley's position as teacher only to the extent that it pertained to the charges against him, and instruction to the district attorney to confine his remarks to such, demonstrated a commendable attempt by the trial court to take that extra step to insure that the defendant received a fair trial and was sufficient to render the comments harmless if they were improper to begin with, which they were not, as they did not place the defendant's character into evidence. Accordingly, we find no abuse of discretion in the trial court's denial of the motion for mistrial.

*Judgment affirmed. McMurray, P. J., and Johnson, J., concur.*

DECIDED SEPTEMBER 23, 1993 —
RECONSIDERATION DENIED OCTOBER 12, 1993 ▮▮▮▮▮▮▮

*Mundy & Gammage, John S. Husser, Theodore G. Frankel*, for appellant.

*George C. Turner, Jr., District Attorney*, for appellee.