## A97A0771. PATTERSON v. THE STATE.
### (484 SE2d 317)

MCMURRAY, Presiding Judge.

Defendant was tried before a jury and found guilty of burglary. The evidence adduced at trial reveals that defendant entered the victim's warehouse, without authority, for the purpose of stealing copper tubing. This appeal followed. *Held*:

Defendant challenges the sufficiency of the evidence, arguing that his testimony that he did not enter the victim's warehouse for an unlawful purpose raises doubt as to his conviction for the crime charged. This argument is without merit.

"On appeal from a criminal conviction, the evidence must be viewed in the light most favorable to the verdict, and the appellant (defendant here) no longer enjoys the presumption of innocence; moreover, an appellate court does not weigh the evidence or determine witness credibility but only determines whether the evidence is sufficient under the standard of *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560). *Howard v. State*, 261 Ga. 251, 252 (403 SE2d 204); *King v. State*, 213 Ga. App. 268, 269 (444 SE2d 381). 'Conflicts in the testimony of the witnesses, including the (S)tate's witnesses, is a matter of credibility for the jury to resolve. (Cits.) As long as there is some (competent) evidence, even though contradicted, to support each fact necessary to make out the (S)tate's case, the jury's verdict will be upheld. (Cit.)' *Searcy v. State*, 236 Ga. 789, 790 (225 SE2d 311)." *Grier v. State*, 218 Ga. App. 637, 638 (1) (463 SE2d 130). In the case sub judice, one of the victim's employees testified that he observed defendant inside the victim's warehouse, without authority, removing copper tubing "off of a storage shelf." This evidence, and testimony that defendant fled when law enforcement officers arrived at the victim's warehouse, is sufficient to authorize the jury's finding that defendant is guilty, beyond a reasonable doubt, of burglary. OCGA § 16-7-1 (a); *Jackson v. Virginia*, 443 U. S. 307, supra.

*Judgment affirmed. Beasley and Smith, JJ., concur.*

*Timothy L. Barton, James J. Lacy*, for appellant.
*Glenn Thomas, Jr., District Attorney, Charles K. Higgins, Assistant District Attorney*, for appellee.