A98A1553. HOWARD v. THE STATE.
(503 SE2d 78)

BLACKBURN, Judge.

Willie James Howard appeals his conviction for theft by taking in connection with the theft of an automobile. In his sole enumeration of error, Howard contends that the evidence was insufficient to

---

support the conviction because the State produced no witnesses who saw Howard steal the automobile.

"On appeal from a criminal conviction, the evidence must be viewed in the light most favorable to the verdict, and the appellant defendant here no longer enjoys the presumption of innocence; moreover, an appellate court does not weigh the evidence or determine witness credibility but only determines whether the evidence is sufficient under the standard of *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) [(1979)]. Conflicts in the testimony of the witnesses, including the State's witnesses, [are] a matter of credibility for the jury to resolve. As long as there is some competent evidence, even though contradicted, to support each fact necessary to make out the State's case, the jury's verdict will be upheld." (Citations and punctuation omitted.) *Patterson v. State*, 225 Ga. App. 515 (484 SE2d 317) (1997).

At approximately 7:30 a.m. on July 24, 1997, Quentin Mullis, the mayor of McRae, Georgia, parked his pickup truck in front of city hall as he arrived for work. Mullis left his keys in the console of the truck. At about 9:00 a.m., Mullis noticed that his truck was missing and notified the police. At about 6:00 p.m. the next day, police officers in Alma, Georgia, located the truck in the parking lot of a club. Howard was sitting in the driver's seat of the truck, and a female companion was sitting in the passenger seat. Howard and the female were arrested and taken to the police station. As a police officer was issuing citations to Howard and his companion for congregating in the parking lot, Howard told the officer not to write a ticket for the female because she had nothing to do with him taking the truck.

Howard later gave a statement to a McRae police officer after being informed of his *Miranda* rights. Howard told the officer that he had been drinking before he saw the truck parked in front of city hall. He said he got in the truck and drove it first to his sister's house, and then to Jacksonville, Douglas, and Alma. The written statement, signed by Howard, was entered into evidence at trial.

The above facts were sufficient for the jury to find Howard guilty beyond a reasonable doubt of the offense of theft by taking.

*Judgment affirmed. McMurray, P. J., and Eldridge, J., concur.*

DECIDED JUNE 10, 1998.

*Genelle, Jennings & Associates, Nicholas E. White*, for appellant.
*Timothy G. Vaughn, District Attorney, Russell P. Spivey, Assistant District Attorney*, for appellee.