## A99A1485. GOULD v. THE STATE.
### (521 SE2d 365)

McMurray, Presiding Judge.

Defendant Sandey Damon Gould, also known as Sandy Gould and "Hardtime," was tried before a jury and found guilty of armed robbery (Count 1) and criminal attempt to commit robbery (Count 2). His motion for new trial was denied, and this appeal followed. In his sole enumeration of error, defendant urges the general grounds. *Held*:

1. Viewed in a light most favorable to the jury's verdicts, the evidence shows that on February 16, 1997, at about 5:00 p.m., Kevin Bride was sitting at a Savannah bus stop, when defendant rode up on

a blue bicycle, got off and sat down beside him. Defendant pointed a pistol at Kevin Bride and said, "My man, I don't want to kill you, so give me your watch, your necklace, your bracelet, and all the money in your pocket." Kevin Bride gave defendant "everything he asked for." Defendant rode off on his bicycle, and Kevin Bride ran to a police station a block away and reported the robbery. Defendant's mother testified that at the time Kevin Bride was robbed, she and her son were visiting Rosemarie Wiley, a family friend. Rosemarie Wiley corroborated this alibi.

At approximately 8:00 p.m., the day after Kevin Bride was robbed, defendant approached a white automobile parked at a Savannah park. He opened the driver's door and ordered the driver, Haroon Ghani, out of the vehicle and demanded his money and jewelry. Haroon Ghani refused, and defendant threatened to shoot and "F" Haroon Ghani's passenger, Tanika Lemmon, if he did not comply. Haroon Ghani pushed defendant away with his car door and drove away. Minutes later, Haroon Ghani and Tanika Lemmon flagged down Sergeant Harry Traywick of the Savannah Police Department and reported the attempted robbery. In this regard, Haroon Ghani testified that "[defendant] keep saying he will shoot me and . . . coming close to me and he pushed my head with his finger. . . ." Haroon Ghani believed defendant had a gun because he held a hand behind his back when he threatened to shoot Ghani, who felt intimidated because of his concern for Tanika Lemmon's safety.

"A person commits the offense of armed robbery when, with intent to commit theft, he or she takes property of another from the person or the immediate presence of another by use of an offensive weapon." OCGA § 16-8-41 (a). The State's evidence established the armed robbery of Kevin Bride, who identified defendant as the perpetrator. "Despite the conflicting testimony produced by the defendant to establish an alibi and to show his inability to be two places at once on the occasion of the [armed robbery], the jury believed the state's witnesses [and] not the defendant's." *Maxwell v. State*, 163 Ga. App. 606 (295 SE2d 865).

Here, notwithstanding defendant's alibi defense, the State proved that defendant took the property of Kevin Bride by pointing a pistol at him. This evidence was sufficient under the standard of *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) to authorize the jury's verdict that defendant is guilty, beyond a reasonable doubt, of armed robbery as alleged in Count 1 of the indictment. *Maxwell v. State*, 163 Ga. App. 606, supra.

2. The State's evidence was also sufficient to establish defendant's guilt, beyond a reasonable doubt, of criminal attempt to commit robbery by taking the substantial step of attempting to take currency from the immediate presence of Haroon Ghani through intimidation

as alleged in Count 2 of the indictment.

"A person commits the offense of criminal attempt when, with intent to commit a specific crime, he performs any act which constitutes a substantial step toward the commission of that crime." OCGA § 16-4-1. Although Haroon Ghani testified that while he did not feel intimidation out of fear for his own safety, he nonetheless testified he felt intimidated for fear for Tanika Lemmon's safety. Defendant threatened to kill Haroon Ghani and Tanika Lemmon by word, gesture, and constructive force. *Edenfield v. State*, 41 Ga. App. 252, 255 (152 SE2d 615) (threats by word or gesture are the most usual means of intimidation and, standing alone, are sufficient to imply force). See also *Brown v. State*, 210 Ga. App. 59 (1) (435 SE2d 274) (concealed hand sufficient to establish intimidation even without use of verbal threats or violence). The enumeration of the general grounds is without merit.

*Judgment affirmed. Andrews, P. J., and Ruffin, J., concur.*

DECIDED JULY 23, 1999.

*Darden & Moyers, Richard M. Darden*, for appellant.
*Spencer Lawton, Jr., District Attorney, Kimberly Rowden, Assistant District Attorney*, for appellee.

