## A99A2032. HOUSTON v. THE STATE.
### (529 SE2d 431)

PHIPPS, Judge.

A jury found Freddie Houston guilty of two counts of armed robbery and two counts of robbery. After the trial court denied Houston's amended motion for new trial, he appeals, challenging the admission of similar transaction evidence, the denial of his motion to sever, and the sufficiency of the evidence. Having determined that no reversible error occurred, we affirm.

On appeal, we view the evidence in the light most favorable to the verdict, and an appellant no longer enjoys a presumption of innocence.[1] This court determines whether the evidence is sufficient under the standard of *Jackson v. Virginia*[2] and does not weigh the evidence or determine witness credibility.[3] Conflicts in the evidence are for the jury to resolve.[4]

Viewed in a light most favorable to the verdict, the evidence shows that on April 5, 1998, at approximately 4:00 p.m., 79-year-old Wilma Defnall was unloading groceries from her car at her home located in Thomas County. Houston approached Defnall's husband and inquired about yard work. But moments later, Houston turned to Defnall, threatened her with a knife, and demanded money. After taking approximately $30 from Defnall, Houston fled in "sort of a small car" that "made a loud noise." Approximately three weeks later, Defnall identified Houston, without hesitation, from a six-photograph lineup. At trial, Defnall again identified Houston as the man who had robbed her. The jury found Houston guilty of armed robbery.

Viewed in the light most favorable to the verdict, the evidence shows that on April 6, 1998, at approximately 12:30 p.m., 82-year-old Oneida Mattox was unloading groceries from her car at her home located in Thomas County. Houston approached her and inquired about yard work. But moments later, Houston demanded money and threatened to use a knife, which Mattox never saw. After taking $100 from Mattox, Houston fled in a "small make" car that made "a loud noise like it needed a muffler." Three weeks later, Mattox identified Houston, without hesitation, from a six-photograph lineup. At trial, Mattox again identified Houston as the person who had robbed her. The jury found Houston guilty of armed robbery.

Viewed in a light most favorable to the verdict, the evidence shows that on April 22, 1998, at approximately 3:00 p.m., 20-year-old

[1] *Patterson v. State*, 225 Ga. App. 515 (484 SE2d 317) (1997).
[2] 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).
[3] *Patterson*, supra, 225 Ga. App. at 515.
[4] Id.

Amanda Sharpe was working in a health food store located in Thomas County. Houston approached her and inquired about a weight-gain product. After conversing with Sharpe for approximately 15 minutes, Houston demanded that Sharpe give him money from the cash drawer. After taking approximately $300 from Sharpe, Houston fled. Sharpe described her assailant to police officers as a slim male. She identified Houston, without hesitation, from a six-photograph lineup. At trial, Sharpe again identified Houston as the person who had robbed her. The jury found Houston guilty of robbery.

Viewed in a light most favorable to the verdict, the evidence shows that on April 26, 1998, Johnny Gibbs, who was 64 years old at the time of trial, was delivering a pizza in a neighborhood located in Thomas County. Houston approached Gibbs and presented himself as the customer who had ordered the pizza. After casually conversing with Gibbs, Houston asked him whether he had change for a $50 bill. But as Gibbs searched for change, Houston snatched approximately $32 from him, then drove away in "a small beige or gray colored car . . . with a loud muffler." Gibbs described his assailant to police officers as a slender male. That same evening, Gibbs identified Houston, without hesitation, from a single display of Houston's photograph and from a six-photograph lineup. At trial, he again identified Houston as the person who had robbed him. The jury found Houston guilty of robbery.

The State also presented evidence, as a similar transaction, of another robbery of a pizza delivery man. On April 11, 1998, at approximately 7:00 p.m., that victim was delivering pizza to an apartment community in Tallahassee, Florida. Houston approached him and asked for instructions for the gate's call box. But after the delivery man showed Houston how to use the call box, Houston demanded money and threatened to use a gun, which the delivery man never saw. Houston took approximately $20 from the delivery man before fleeing in a "lighter gray, blue, older car — Honda, Toyota or something." The delivery man reported the vehicle's Georgia tag number to police officers. Later that evening, police officers spotted the vehicle and apprehended Houston. At the trial for the current charges, the delivery man testified that there was no doubt in his mind that it was Houston who had robbed him, and Houston also confessed that he had committed the Florida robbery.

Houston's sister testified at trial and described Houston's appearance during April 1998 as slender. She also stated that Houston drove a Honda Accord then that was "sort of like a lavender, grayish, it's sort of like a champagne color . . . depending on how you look at it in the light." She testified that Houston's car made a noise while being driven.

1. Houston contends that the trial court erred by admitting evi-

dence of the Florida robbery as a similar transaction, arguing that it was not sufficiently similar to the current charges. But because Houston failed to object to the introduction of such evidence at trial, he has waived this issue and cannot raise it on appeal.[5]

2. Houston contends that the trial court improperly denied his motion for severance of the offenses charged. An abuse of discretion standard applies when reviewing a denial of a motion to sever the trial of separate offenses.[6] Transactions need not be identical in every respect;[7] rather, offenses may be joined for trial where "the similarity of the offenses reaches the level of a pattern which shows a common scheme, plan or a modus operandi so strikingly similar that the totality of the facts unerringly demonstrates and designates the defendant as the common perpetrator. . . ."[8] Moreover, there is no abuse of discretion in denying severance where the evidence of one crime would be admissible in the trial of the other crime.[9]

Here, all of the robberies occurred during April 1998 in Thomas County. Three of the robberies occurred between 12:45 p.m. and 4:00 p.m. The robber invariably arrived at each scene alone. With the exception of the first victim, who was with her physically and mentally disabled husband, each victim was alone. The robber began each crime by engaging the victim in conversation. But moments later, he would demand money. After taking the money, he would flee the scene without following through with any threatened physical violence against the victim. The four robberies that formed the basis of the charges against Houston show a common plan, a common scheme, and a common purpose. They were also sufficiently similar that evidence of one would have been admissible in the trials of the other robberies. In light of the similarities, the trial court did not abuse its discretion in denying Houston's motion for severance.

3. Houston contends that the evidence was insufficient to support his convictions for armed robbery and robbery.

(a) Houston maintains that Gibbs's identification of him was based on an improper identification procedure. He complains that the responding deputy showed Gibbs a single photograph of him before Gibbs examined the six-photograph lineup. Before trial, Houston moved to suppress Gibbs's pre-trial identification of him in the six-photograph lineup and any in-court identification, arguing that the single-photograph display was impermissibly suggestive and that

---

[5] *Smith v. State*, 268 Ga. 42, 43 (3) (485 SE2d 189) (1997).

[6] *Agony v. State*, 226 Ga. App. 330 (1) (486 SE2d 625) (1997).

[7] *Anderson v. State*, 238 Ga. App. 866, 875-876 (8) (519 SE2d 463) (1999).

[8] (Citations and punctuation omitted.) *Sabo v. State*, 226 Ga. App. 106 (1) (485 SE2d 591) (1997).

[9] *Weaver v. State*, 206 Ga. App. 560, 561 (1) (426 SE2d 41) (1992).

it tainted all subsequent identifications. After a hearing, the trial court ruled that evidence of the single-photograph identification would not be permitted but that subsequent identifications would be allowed. Houston contends that the trial court erred in allowing the subsequent identifications.

Even if we assume that displaying Houston's single photograph was impermissibly suggestive, convictions based on eyewitness identification at trial following a questionable pre-trial identification will be set aside only if the pre-trial identification was so impermissibly suggestive as to give rise to a very substantial likelihood of irreparable misidentification.[10] The factors to be considered in evaluating the likelihood of misidentification include the opportunity of the witness to view the perpetrator at the time of the crime, the witness's degree of attention, the accuracy of the witness's prior description of the perpetrator, the level of certainty demonstrated by the witness at the confrontation, and the length of time between the crime and the confrontation.[11] Applying those factors, we find that the likelihood of misidentification was not very substantial.

The evidence demonstrates that the robbery of Gibbs lasted at least ten minutes, that Gibbs was attentive during the robbery, that Houston engaged in casual conversation with Gibbs before the robbery, and that Gibbs had ample opportunity to view Houston. Gibbs gave police a general description of Houston moments after the robbery. When the deputy showed him the single photograph that same evening, Gibbs immediately identified Houston as his assailant. He again identified Houston later that night in a six-photograph lineup and positively identified him at trial. Gibbs testified in the pre-trial hearing that he had identified Houston based on his view of Houston at the crime scene, and not based on the single photograph. The evidence established a basis for the pre-trial and the in-court identifications, independently of the single-photograph display. We find no reversible error.

(b) Houston also points out inconsistencies in the witnesses' testimony, but any inconsistencies go to the weight of the evidence and the credibility of the witnesses, which are matters solely within the purview of the jury.[12] Where there is some competent evidence, even though contradicted, to support each fact necessary to make out the State's case, we must uphold the jury's verdict.[13]

In this case, the State offered both direct and circumstantial evidence to prove Houston's guilt. The four victims positively identified

[10] *Zachery v. State*, 238 Ga. App. 191, 193 (3) (517 SE2d 71) (1999).
[11] *Clark v. State*, 226 Ga. App. 176, 178-179 (3) (486 SE2d 393) (1997).
[12] *Samuels v. State*, 223 Ga. App. 275, 276 (1) (477 SE2d 414) (1996).
[13] *Patterson*, supra, 225 Ga. App. at 515.

Houston as the robber, and similar transaction evidence showed that Houston had committed another robbery in a similar manner. The jury apparently resolved any conflicts adversely to Houston. We conclude that the evidence was sufficient to authorize the jury to find Houston guilty beyond a reasonable doubt of two counts of armed robbery and two counts of robbery.[14]

*Judgment affirmed. Johnson, C. J., and McMurray, P. J., concur.*

DECIDED FEBRUARY 9, 2000.

*Catherine M. Williams*, for appellant.
*J. David Miller, District Attorney, James E. Hardy, Mark E. Mitchell, Assistant District Attorneys*, for appellee.

---

[14] See *Jackson*, supra, 443 U. S. 307.