A00A2404. PAYNE v. THE STATE.
(545 SE2d 336)

BARNES, Judge.

A jury found Ronald Edward Payne guilty of possession of cocaine with the intent to distribute. He appeals, contesting the sufficiency of the evidence, the admission of certain evidence, and several of the jury charges. Having determined that no reversible error occurred, we affirm.

Viewed in a light most favorable to the jury's verdict, the evidence shows that on July 14, 1998, at approximately 7:30 p.m., an officer of the Hall County Red Dog Unit pulled over a four-door Cadillac after seeing the driver litter. In addition to the driver, the vehicle also contained a female, who was in the front passenger seat, and Payne, who was in the rear seat behind the front passenger seat. The officer testified that because there were several occupants inside the vehicle and the area was a "high drug, high crime area," he called for assistance and backup officers arrived.

The driver consented to a search of the vehicle, and officers asked Payne and the other passenger to exit the vehicle. One of the backup officers, Officer Grindle, who was positioned by the rear passenger door and responsible for getting Payne out of the vehicle safely, stated at trial that "[Payne] opened his door up, and he sort of slid out the door, and when he did, a baggy fell on the ground at his feet." The officer testified that "[the bag] came from his person. . . . It sort of slid out the same time he slid out of the vehicle."

Officers Lane and Payne, two other backup officers, were also standing on the passenger side of the vehicle. Officer Lane testified that he was positioned at the back right side of the car, and when Payne's "door was opened, and as the defendant stood up, as he was

---

[7] See *Hunter v. State,* 202 Ga. App. 195, 197 (3) (413 SE2d 526) (1991).

placing his feet out and stood up, I observed a package fall from his person. I didn't see as far as his hands. I just saw it at the waist area drop to the ground."

Officer Payne testified that he was standing three feet from the side of the car and was watching the female passenger as she exited the car. He did not see anything fall out of the car beside her. As the defendant was exiting the vehicle, he heard something strike the ground, then turned to see a plastic bag on the ground "right outside the rear passenger door . . . maybe two and a half feet from the vehicle." There was no other debris in that area.

The bag contained twenty-eight rocks of crack cocaine with a total net weight of five grams. Two officers testified that the quantity of cocaine indicated that it was not for personal use and would likely be sold. No smoking devices or other drug paraphernalia were found on Payne or in the car.

1. Payne challenges the sufficiency of the evidence, pointing out inconsistencies in the evidence, including the testimony of the female passenger, who stated that Payne did not have the cocaine, but that the driver had the drugs earlier that day. She testified that when the police flashed their blue lights, the driver tossed the bag containing the drugs to the front passenger side and it landed "beside the door, the passenger side." After she and Payne exited the car, she "heard something hit." Payne exclaimed, "That ain't mine," urging the police to preserve the bag properly for fingerprinting. She testified that Payne had known nothing about the drugs and could not have seen the driver toss them.

On appeal, we view the evidence in a light most favorable to the verdict, and an appellant no longer enjoys a presumption of innocence. *Patterson v. State*, 225 Ga. App. 515 (484 SE2d 317) (1997). This court determines whether the evidence is sufficient under the standard of *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979), and does not weigh the evidence or determine witness credibility. *Patterson*, supra, 225 Ga. App. at 515. Conflicts in the evidence are for the jury to resolve. Id.

Payne's contention that his conviction was based solely on circumstantial evidence is contrary to the record before us. The State presented both circumstantial and direct evidence, and the trial court charged the jury regarding its consideration of such evidence. See also Division 3 (b), infra. The jury's verdict is supported by the evidence in that a rational trier of fact could have found Payne guilty beyond a reasonable doubt of possession of cocaine with intent to distribute. *Jackson*, supra.

2. Payne contends that the trial court erred in admitting during cross-examination his prior conviction based on a nolo contendere plea to the offense of giving false information to an officer. He argues

that admitting this evidence violated OCGA § 24-9-20 (b), which provides that if a defendant in a criminal case testifies in his own behalf, he may be examined and cross-examined as any other witness, except that no evidence of general bad character or prior convictions is admissible unless and until the defendant first puts his character in issue. But even in situations where the defendant has not placed his character in issue within the meaning of OCGA § 24-9-20 (b), when a defendant testifies and falsely denies past criminal conduct or misdeeds, the State may introduce evidence that proves the falsity of his testimony, even when it reflects negatively on the defendant's character. *Jones v. State*, 257 Ga. 753, 759 (1) (a) (363 SE2d 529) (1988).

Payne took the stand in his defense and, on direct examination, denied knowing about the drugs and described his previous employment as a corrections officer. He stated, "I have most respect for police officers. Used to be one, basically." Payne's prior conviction for giving false information to an officer was properly admitted as impeachment evidence to his testimony on direct examination that he respects police officers. See *Lucas v. State*, 234 Ga. App. 534, 538 (3) (507 SE2d 253) (1998) (defendant opened the door to evidence of prior DUI convictions by testifying that he "did not 'care to break the law' and did not want 'to endanger' anyone"); *Butts v. State*, 193 Ga. App. 824, 825 (2) (389 SE2d 395) (1989) (evidence of marijuana found in defendant's car refuted and impeached his assertions that he was the type of person who obeyed the law). "Appellant, having chosen a certain trial strategy and having engaged in certain calculated trial tactics in support thereof during direct examination, cannot complain when the State exercises its statutory right to a thorough and sifting cross-examination." *Butts*, supra, 193 Ga. App. at 826.

3. Payne challenges several jury charges by the trial court.

(a) First, Payne contends that the trial court erred by failing to give the jury charge that, "If a person is driving an automobile or has an automobile in his or her possession, all in that automobile is presumed to be the driver's and in the driver's possession." Instead, the trial judge charged:

> If you find that a person owns, leases or has control of a vehicle, you will be permitted, but not required, to infer that such person is in possession of that vehicle and all of the property located on or in it. However, this is a rebuttable inference and may be overcome by evidence in this case that others had access to the vehicle.

We find no merit in Payne's argument that reversible error occurred because the trial court charged the jury in language of

"rebuttable presumption" rather than "permissive inference." The failure to give requested instructions in the exact language requested is not a ground for new trial where the charge given substantially covers the same principles. *Burris v. State*, 204 Ga. App. 806, 811 (3) (420 SE2d 582) (1992). "Whether the charge is fashioned in the language of 'inferences' or 'presumptions,' the technical import of the charge is the same. . . ." *Byrd v. Hopper*, 234 Ga. 248, 251 (215 SE2d 251) (1975); see also *Pouncey v. Adams*, 206 Ga. App. 126, 128-129 (2) (424 SE2d 376) (1992). We find that the given charge was appropriate, adjusted to the evidence, and would not have left the jury with an erroneous impression.

(b) Second, Payne contends that the trial court erred in its jury charge concerning circumstantial evidence by stating that in connection with a conviction upon circumstantial evidence alone, "the proven facts must not be consistent with the hypothesis of guilt."

"A mere verbal inaccuracy in a charge, which results from a palpable slip of the tongue, and clearly could not have misled or confused the jury, is not reversible error." (Citation and punctuation omitted.) *Gober v. State*, 247 Ga. 652, 655 (3) (278 SE2d 386) (1981).

> "[W]here a charge as a whole substantially presents issues in such a way as is not likely to confuse the jury even though a portion of the charge may not be as clear and precise as could be desired, a reviewing court will not disturb a verdict amply authorized by the evidence."

*Thurmond v. State*, 161 Ga. App. 602, 605 (2) (288 SE2d 780) (1982). The transcript reveals that the trial court had previously properly charged the jury: "To warrant a conviction on circumstantial evidence alone proven facts must not only be consistent with the theory of guilt, but exclude every other reasonable theory other than the guilt of the accused."

After reviewing the charge as a whole, we are satisfied that the jury, who had already received the proper charge, could not have been misled or confused by the trial court's slip of the tongue.

(c) Third, Payne contends that the trial court erred during its jury charge while instructing on the possible forms of the verdict in the event of (1) a finding of possession of cocaine with intent to distribute, (2) a finding of the lesser charge of possession of cocaine, or (3) a finding of not guilty. Payne points out that just before instructing the jury that it had the option of finding Payne not guilty, the trial judge charged "that it is unlawful for any person to possess or have under his control cocaine," although the judge had already charged on the law regarding possession of cocaine. Payne urges that the statement constituted detrimental and improper emphasis.

Mere repetition of a principle of law, while unnecessary, will not work a reversal unless it appears from the charge as a whole that there was such undue emphasis as to result in an unfair statement of the law in relation to the defendant's rights, and unless it becomes an argumentative or opinionative utterance that tends to prejudice the minds of the jury.

*Fairbanks v. State*, 244 Ga. App. 123, 127 (4) (534 SE2d 529) (2000). By repeating the charge at issue here, the trial court did not unfairly state the law in relation to Payne's rights, nor did it state any of the charges in a way that would tend to prejudice the jury. When viewed in its entirety, the charge fairly instructed the jurors that they could find the appellant not guilty.

*Judgment affirmed. Blackburn, C. J., and Eldridge, J., concur.*

DECIDED FEBRUARY 1, 2001 —
RECONSIDERATION DENIED FEBRUARY 21, 2001 — ▮▮▮▮▮

▮▮▮▮▮▮▮▮▮▮▮▮

*Whelchel & Dunlap, Thomas M. Cole*, for appellant.
*Lydia J. Sartain, District Attorney, Jason J. Deal, Assistant District Attorney*, for appellee.