## A02A0722. MANN v. THE STATE.
### (563 SE2d 924)

BLACKBURN, Chief Judge.

Following a jury trial, Rafael Mann appeals his convictions for armed robbery, kidnapping, aggravated assault, and possession of a firearm by a convicted felon, contending that the evidence was insufficient to support the verdict. For the reasons set forth below, we affirm.

> On appeal, we view the evidence in a light most favorable to the verdict, and an appellant no longer enjoys a presumption of innocence. This [C]ourt determines whether the evidence is sufficient under the standard of *Jackson v. Virginia*[1] and does not weigh the evidence or determine witness credibility. Conflicts in the evidence are for the jury to resolve.

(Citations omitted.) *Payne v. State*.[2]

Viewed in this light, the evidence shows that, on the evening of July 18, 1999, two gunmen robbed a certain Wendy's restaurant. The store manager, Harper, immediately recognized Mann as one of the gunmen because Mann had worked for him at the restaurant in the past and was also a regular customer. Although Mann was wearing a hat and had something covering his mouth, Harper nonetheless recognized him by observing the exposed portions of his face as well as his characteristic gait and posture. Mann demanded that Harper

---

[1] *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).
[2] *Payne v. State*, 248 Ga. App. 158, 159 (1) (545 SE2d 336) (2001).

open the store safe, and when Harper did not comply quickly enough, Mann began kicking him and struck him in the head with his gun. Subsequently, Harper opened the safe and handed Mann approximately $1,800. Mann and his cohort then fled the store.

Harper called the police, and, when they arrived, he told them that Mann was one of the gunmen who had robbed the restaurant. Later, Harper also identified Mann as the perpetrator both in a photographic lineup and at trial. Another employee of the store, Richard Wilson, recognized one of the gunmen as a usual customer, and he also identified Mann in a photographic lineup. At trial, Wilson identified a pair of pants taken from Mann's bedroom as the same pair of pants worn by one of the gunmen. In addition, an imprint in Mann's mattress indicated that he had been hiding a handgun underneath it.

Finally, a videotape of footage captured by the restaurant's surveillance camera was shown to the jury. Perry Riley, the general manager of the restaurant, watched the tape and opined that one of the gunmen looked like Mann. Although Riley was not present at the time of the burglary, he had hired Mann to work at the restaurant on two prior occasions, and, as such, he was very familiar with the defendant.

This evidence was more than ample to support Mann's convictions. And, although Mann now tries to argue that there were conflicts in the testimony of the witnesses against him, such conflicts are the province of the jury, not this Court. *Payne*, supra.

*Judgment affirmed. Johnson, P. J., and Miller, J., concur.*

DECIDED APRIL 11, 2002.

*Cuvo, Pass & Scherma, Victor A. Cuvo*, for appellant.

*J. Tom Morgan, District Attorney, Anne M. Long, Jeanne M. Canavan, Assistant District Attorneys*, for appellee.