A04A1556. THOMAS v. THE STATE.
(603 SE2d 689)

RUFFIN, Presiding Judge.

A jury found Lashuan Thomas guilty of armed robbery, possession of a firearm during the commission of a felony, and aggravated assault. In his sole enumeration of error on appeal, Thomas claims that the trial court erred in denying his motion to suppress identification evidence. Finding no error, we affirm.

When reviewing the denial of a motion to suppress, we construe the evidence presented both at the suppression hearing and at trial in a light favorable to upholding the trial court's findings and judgment.[1] So viewed, the evidence shows that, at approximately 10:20 p.m. on December 23, 2001, Felicia Cooper was robbed at gunpoint as she walked into her apartment complex. Just before the robbery, a black car drove by her toward the exit. A short time later, she heard a noise behind her. Cooper turned and saw a male wearing a hooded sweat jacket with the hood on his head. The man spoke to her, but she continued walking. He then said, "you can give me that purse," and he pointed a gun at her. After Cooper gave him her purse and watch, the man got into the passenger side of the black car that had passed her prior to the robbery.

Cooper watched the car leave her complex and enter another apartment community down the street. She called the police, and Officer Jeff Vanaman arrived a short time later. Cooper described the robber's race, height, physical build, and clothing to Vanaman, then rode with Vanaman to the apartment complex that the car entered

---

[1] See *Self v. State*, 245 Ga. App. 270, 272-273 (2) (537 SE2d 723) (2000); *Davis v. State*, 216 Ga. App. 580, 581 (1) (455 SE2d 115) (1995).

following the robbery. Cooper spotted the car, and an officer observed some of Cooper's property inside it. The police then knocked on the door of apartment S-9, which was located near the car's parking space. Thomas answered the door and stated that the black car belonged to him. As Thomas opened the door, Cooper, who was seated in a nearby patrol car, recognized him as the robber, even though he was no longer wearing the hooded sweat jacket.

Vanaman brought Thomas to the side of the patrol car and asked Cooper whether Thomas had been involved in the robbery. According to Vanaman, Cooper responded that "she was very sure" that Thomas was the robber, although she was not "exactly able to identify his face." Cooper, however, denied stating that she could not identify Thomas' face. She testified that she saw his face clearly during the robbery, which lasted four or five minutes from the time she first encountered him until he left, and that she merely told police that he had worn a hood on his head. Cooper also identified Thomas as the robber at trial, stating that she was 100 percent certain of her identification.

Brenda Edwards, an occupant of apartment S-9 on December 23, 2001, testified that when she entered the apartment approximately one hour before the police arrived, Thomas was there. Sometime later, Thomas and another man left, then returned and hurried into the apartment's laundry room, where they changed clothes before the police knocked on the door. During a search of the laundry room, officers discovered a blue hooded sweat jacket, a gun, and a checkbook and credit cards belonging to Cooper. The police also located Cooper's purse in a dumpster outside of apartment S-9. Based on this and other evidence, the jury found Cooper guilty of armed robbery, possession of a firearm during the commission of a felony, and aggravated assault.

On appeal, Thomas argues that the trial court should have suppressed Cooper's identification of him during the one-on-one showup outside of the apartment. Although "a one-on-one showup is inherently suggestive," an identification produced from a showup is not necessarily inadmissible.[2] When assessing the admissibility of such identification evidence,

> [w]e apply a two-part test. . . . First, we determine whether the identification procedure was impermissibly suggestive. If it was, we then consider the totality of the circumstances to determine whether a very substantial likelihood existed of irreparable misidentification. In making this determination,

---

[2] *Miller v. State*, 266 Ga. App. 378, 382 (1) (597 SE2d 475) (2004).

we consider the witness' opportunity to view the suspect at the time of the offense, the witness' degree of attention, the accuracy of the witness' prior description, the witness' level of certainty, and the length of time between the crime and the identification.[3]

Thomas contends that the circumstances surrounding the showup "were highly suggestive." He asserts that Cooper knew before the showup that her property had been found in the car parked near apartment S-9. Thomas further claims that he was handcuffed when police asked Cooper whether she could identify him. But even assuming that the showup was impermissibly suggestive, the identification evidence should be excluded only if a substantial likelihood of irreparable misidentification exists.[4] And there is no such likelihood here.

Cooper testified that the robbery occurred in a well-lit area. She further stated that she stood close to the robber during the robbery, that the entire encounter lasted four or five minutes, and that she looked directly at the robber's face. Moreover, although Cooper purportedly told Vanaman that she could not "exactly" identify Thomas' face, Cooper denied making this statement, and Vanaman testified that Cooper was "very sure" at the showup that Thomas was the robber. Cooper also testified that she recognized Thomas as the robber when he first opened the door of the apartment, as well as during the subsequent showup. In addition, the description Cooper gave the police generally fit Thomas, and there is no evidence that, before the showup, the police told Cooper that Thomas was involved in the crime. Finally, it does not appear that a significant amount of time passed between the robbery and the showup.

Given the totality of these circumstances, as well as the discovery of a blue hooded sweat jacket in the laundry room where Thomas changed clothes before the police arrived, we cannot find a substantial likelihood of misidentification.[5] Accordingly, the trial court did not err in refusing to suppress the pre-trial identification, and we find no merit in Thomas' corresponding claim that Cooper's in-court identification resulted from a "tainted show-up."[6]

*Judgment affirmed. Eldridge and Adams, JJ., concur.*

---

[3] (Punctuation and footnotes omitted.) *Hooper v. State*, 251 Ga. App. 533, 535 (2) (554 SE2d 750) (2001).

[4] See *Miller*, supra at 383.

[5] See id. at 383-384; *Hooper*, supra at 536; *Self*, supra.

[6] See *Hooper*, supra at 536-537; *McClendon v. State*, 210 Ga. App. 404 (1) (436 SE2d 524) (1993) (" '[O]ur appellate courts have consistently upheld the admission of in-court identifications when prior one-on-one showups are reasonably and fairly conducted at or near the time of the offense.' ").

DECIDED AUGUST 12, 2004.

*Carl P. Greenberg*, for appellant.
*Paul L. Howard, Jr., District Attorney, Kimberly Staten-Hayes, Elizabeth A. Baker, Assistant District Attorneys*, for appellee.