## A05A1609. HOLLIE v. THE STATE.
(625 SE2d 507)

JOHNSON, Presiding Judge.

A jury found Michael Hollie guilty of armed robbery, hijacking a vehicle, kidnapping, possession of a firearm during the commission of a felony, and aggravated assault. In his sole enumeration of error, he claims the trial court erred in denying his motion to suppress the victim's out-of-court identification of him as the person who committed the crimes. Finding no error, we affirm.

When reviewing the denial of a motion to suppress, we construe the evidence presented both at the suppression hearing and at trial in a light favorable to upholding the trial court's findings and

judgment.[1] So viewed, the evidence shows that a taxicab driver was working at about 11:00 at night when he was dispatched to pick up a passenger. When he arrived at the designated location, two young men and a young woman entered the taxicab. After the driver traveled a short distance, someone hit him in the back of the head with what he assumed was a gun, told him he was being robbed, demanded his money, and ordered him to get out of the car. When the car door opened, the car's interior light came on. There were also two streetlights on in the area. As the victim got out of the car, he saw that one of the men was holding a gun. The victim was able to see that man's face. The man then held a gun to the victim's head, while the other man searched the victim's pockets and took his wallet and cash. The victim focused his attention on the person holding the gun.

One of the men ordered the victim to get into the trunk. When the trunk opened, the trunk light came on. The men drove the car around for several hours with the victim in the trunk. They stopped the car several times and checked on the victim. Using tools he had in the trunk, the victim was eventually able to open the trunk and escape while the car was moving.

The victim managed to flag down a police officer. As the victim was describing the incident to the officer, he saw his stolen taxicab being driven down the street. Three people were inside. The victim identified it as his taxicab, and the officer gave chase. The taxicab was driven onto the campus of Georgia Tech, and the occupants jumped out and ran. A Georgia Tech police officer heard what sounded like a police chase and then saw a man run past him. The campus officer ordered the man to stop, but he did not. The officer chased the man on foot and then caught him. The officer then learned that police were involved in a chase that had just ended about one-quarter of a mile away. The man being held, Hollie, was then turned over to City of Atlanta police and taken to a police precinct.

A short time later, police contacted the victim and told him they had caught a man running from his car. They told him that they did not know whether he was one of the men who robbed him, but they wanted him to stop by the precinct to see if he could identify the man.

At about 3:00 a.m., the victim went to the precinct. An officer asked him if he knew the young man sitting alone on a bench. The victim identified Hollie as the man who robbed him, saying, "He's the one that just robbed me . . . he['s] the one that had the gun." Hollie then blurted out, "No. I'm not the one that was with the gun. I didn't have the gun." When asked how the victim knew Hollie was the one who robbed him, the victim testified that he recognized Hollie's

---

[1] *Thomas v. State*, 269 Ga. App. 116 (603 SE2d 689) (2004).

clothing, face and distinctive hairstyle. At trial, when asked how he knew at the time of the identification that Hollie was the assailant, the victim replied, "He was the same person," noting that they had just encountered each other less than an hour earlier. The victim also positively identified Hollie at trial.

On appeal, Hollie argues that the trial court should have suppressed the victim's pre-trial identification of him. Although showing a suspect singly to a witness for identification purposes is inherently suggestive, an identification produced from such a procedure is not necessarily inadmissible.[2]

When assessing the admissibility of such identification evidence, we apply a two-part test.[3] First, we determine whether the identification procedure was impermissibly suggestive.[4] If it was, we then consider the totality of the circumstances to determine whether a very substantial likelihood existed of irreparable misidentification. In making this determination, we consider the witness' opportunity to view the suspect at the time of the offense, the witness' degree of attention, the accuracy of the witness' prior description, the witness' level of certainty, and the length of time between the crime and the identification.[5] But even assuming that a show-up was impermissibly suggestive, the identification evidence should be excluded only if a substantial likelihood of irreparable misidentification exists.[6] There is no such likelihood here.

The victim testified that there were streetlights on in the area where he was robbed and forced out of his taxicab, and lights on inside the taxicab when the door was opened for him to get out. The victim added that he could see his attacker well because Hollie was "up in [the victim's] face" during the robbery. The victim was also able to "get a good look" at Hollie when the trunk light came on. Before the show-up identification, the victim described for police his attacker's race, age and clothing color. The identification occurred only about an hour after the crimes occurred. At the precinct, the victim unequivocally identified Hollie as the man who robbed him. We note that when the victim identified Hollie as the assailant, Hollie did not deny having participated in the crimes; he only denied being the one who had the gun.

---

[2] Id. at 117; *Anderson v. State*, 265 Ga. App. 428, 431 (3) (a) (594 SE2d 669) (2004).
[3] *Thomas*, supra.
[4] Id.
[5] Id. at 117-118; *Anderson*, supra.
[6] *Anderson*, supra.

Given the totality of the circumstances, there is no substantial likelihood of misidentification. Accordingly, the trial court did not err in refusing to suppress the pre-trial identification.[7]

*Judgment affirmed. Ruffin, C. J., and Barnes, J., concur.*

DECIDED DECEMBER 28, 2005.

*Maurice Brown,* for appellant.

*Paul L. Howard, Jr., District Attorney, Bettieanne C. Hart, William T. Sakrison, Elizabeth A. Baker, Assistant District Attorneys,* for appellee.

---

[7] See *Peterson v. State,* 158 Ga. App. 195, 196-197 (3) (279 SE2d 493) (1981).