## A06A0228. SORRELLS v. THE STATE.
(630 SE2d 171)

RUFFIN, Chief Judge.

A jury found Renard Sorrells guilty of two counts of armed robbery. Sorrells appeals, challenging the sufficiency of the evidence. He also argues that he received ineffective assistance of counsel at trial. For reasons that follow, we affirm.

1. On appeal from a criminal conviction, we do not weigh the evidence or resolve issues of witness credibility.[1] We merely determine whether the evidence, viewed favorably to the jury's verdict, authorized the jury to find the defendant guilty of the crimes charged beyond a reasonable doubt.[2]

Construed in this manner, the evidence shows that, around 10:00 p.m. on August 18, 2000, Kevin Walton and Mark Addison drove to midtown Atlanta to a local bar. The two parked near the bar, then walked to an ATM so that Walton could obtain cash. After Walton withdrew $40 from the ATM, they passed two men, one of whom Walton subsequently identified as Sorrells, who asked whether they had any spare change. Addison said "no," and they kept walking. A short time later, Walton heard someone approaching from behind. He turned around and saw Sorrells and the other man walking toward them.

Sorrells produced a gun and demanded their money. Walton handed Sorrells cash from his wallet, while Addison threw his money on the ground and ran. Sorrells then ordered Walton to return with him to the ATM. Although Walton initially started toward the ATM, he fled across a street, found a telephone, and called 911.

Walton and Addison saw each other again a few minutes after the robberies, around the time Officer Ryan Thomas arrived at the scene. The two described the robbers' clothing to Thomas, who broadcast the description over his police radio. Five to seven minutes later, another officer — Darrell Sheikh — radioed Thomas, requesting the description again. Thomas provided the description, and Sheikh responded that he had located a suspect matching the description approximately four blocks from the robbery scene. When Sheikh made eye contact with the suspect, the suspect fled on foot, and Sheikh gave chase.

A few minutes later, Sheikh apprehended the suspect, whom he identified at trial as Sorrells. Thomas then took Walton and Addison to Sheikh's location, where they saw Sorrells in the back of Sheikh's

---

[1] See *Houston v. State*, 242 Ga. App. 300 (529 SE2d 431) (2000).
[2] See id.

patrol car. Walton and Addison identified Sorrells at that time — and at trial — as one of the men who robbed them at gunpoint.

Investigator Paul Wilburn interviewed Sorrells after his arrest. Sorrells stated that he had "gotten off work . . . at approximately 10:00 p.m. . . . and was going downtown to mess with the gay men." When officers searched Sorrells incident to his arrest, they discovered $253 in cash on his person.

A supervisor at Sorrells' place of employment testified on behalf of Sorrells at trial. According to the supervisor, the company's computerized time clock showed that Sorrells worked until 10:00 p.m. on the night of the robberies. The supervisor also testified that his office is located near Six Flags, off I-20. He admitted, however, that he did not personally see Sorrells on the night of the robberies, Sorrells was not under his supervision at that time, and he did not have a print-out of the time clock records.

Under OCGA § 16-8-41 (a), "[a] person commits the offense of armed robbery when, with intent to commit theft, he or she takes property of another from the person or the immediate presence of another by use of an offensive weapon." Sorrells argues that the jury was not authorized to find him guilty under this provision because he was at work at the time of the robberies. He also claims that a conflict arose between the amount of money taken from Walton and the denominations of the bills found on him after his arrest, precluding the verdict.

The evidence shows, however, that both Walton and Addison identified Sorrells as one of the men who robbed them at gunpoint. In addition, shortly after the robberies, police located Sorrells just blocks away from the crime scene wearing clothes matching the description given by the victims. And although Sorrells presented evidence that he was at work until 10:00 p.m. on the night of the robberies, the work supervisor who testified on his behalf admitted that he had not seen Sorrells that night. Under these circumstances, the jury was authorized to reject Sorrells' alibi defense, resolve the conflicts in the evidence against him, and find him guilty of the armed robberies of Walton and Addison.[3]

2. Sorrells also claims that he received ineffective assistance of counsel because trial counsel failed to object to the victims' identification evidence. To succeed on this claim, Sorrells " 'must show both that counsel's performance was deficient and that the deficient performance prejudiced the defense.' "[4]

---

[3] See id. at 303-304 (3) (b); *Gould v. State*, 239 Ga. App. 312, 313 (1) (521 SE2d 365) (1999); *Tate v. State*, 191 Ga. App. 727 (1) (382 SE2d 688) (1989).

[4] *Young v. State*, 272 Ga. App. 304, 309 (4) (612 SE2d 118) (2005).

Counsel's failure to object to identification evidence does not constitute ineffective assistance per se.[5] Rather, Sorrells " 'must make a strong showing that the damaging evidence would have been suppressed had counsel made the motion.' "[6] In this case, Sorrells argues that his one-on-one "showup" with Walton and Addison was impermissibly suggestive, tainting the victims' out-of-court and in-court identifications.

Although one-on-one showups are inherently suggestive, the resulting identification evidence is not necessarily inadmissible.[7] To determine the admissibility of such evidence, we apply a two-part test. We first consider " 'whether the identification procedure was impermissibly suggestive.' "[8] If it was, we look then to " 'the totality of the circumstances to determine whether a very substantial likelihood existed of irreparable misidentification.' "[9] In addressing the second part of the test, "we consider the witness' opportunity to view the suspect at the time of the offense, the witness' degree of attention, the accuracy of the witness' prior description, the witness' level of certainty, and the length of time between the crime and the identification."[10]

Pretermitting whether the identification procedure used here was impermissibly suggestive, the evidence shows no likelihood of irreparable misidentification. Walton testified that he walked past Sorrells twice before the robberies — on his way to the ATM and immediately thereafter — and saw Sorrells' face both times. During the robberies, Walton was three to four feet from Sorrells and was able to observe both his face and clothing. Walton's description of the robber's clothing matched the clothing worn by Sorrells when he was apprehended, with the exception that Sorrells was not wearing a baseball cap. And when asked whether he was certain about his identification, Walton responded: "I'm certain."

Addison similarly testified that he saw the robbers' faces twice before the robberies, then had a clear view of Sorrells during the robberies. He further testified that the area where the robberies occurred was well lighted, and, like Walton, he was able to describe Sorrells' clothing for police. Finally, he testified that the crime lasted three to five minutes, and he was "very certain" about his identification. The officer who apprehended Sorrells also testified that Sorrells fit the victims' description.

---

[5] See id at 310 (4) (a).

[6] Id.

[7] See id.

[8] Id.

[9] Id.

[10] *Thomas v. State*, 269 Ga. App. 116, 117-118 (603 SE2d 689) (2004).

The evidence thus shows that Walton and Addison had several opportunities to view Sorrells before and during the robberies, accurately described his clothing, and were certain of their identification. Moreover, the one-on-one showup occurred shortly after the robberies. Under the totality of these circumstances, we find no likelihood of irreparable misidentification.[11] Accordingly, trial counsel was not ineffective in failing to object to the identification evidence.[12]

*Judgment affirmed. Smith, P. J., and Phipps, J., concur.*

DECIDED APRIL 18, 2006.

*Phinia-Cou J. Aten*, for appellant.

*Paul L. Howard, Jr.*, District Attorney, *Peggy R. Katz*, Assistant District Attorney, for appellee.

---

[11] See id. at 118; *Jackson v. State*, 260 Ga. App. 848, 851 (3) (581 SE2d 382) (2003).

[12] See *Young*, supra at 311; *Holbrook v. State*, 209 Ga. App. 301, 302-303 (1) (433 SE2d 616) (1993).