## A06A0531. PUGH v. THE STATE.

(633 SE2d 439)

BARNES, Judge.

This is an appeal from the 1998 Tattnall County jury conviction of Anthony Pugh, a state inmate, for obstruction of a correctional officer.

In April 1999, Pugh, pro se, filed an extraordinary motion for new trial requesting that counsel be appointed to represent him on an out-of-time motion for new trial and any ensuing appeal. The motion was granted in October 1999, and, thereafter, appointed counsel filed a motion for new trial. An order filed May 3, 2003, relieved Pugh's then appointed counsel of duty, appointed new counsel, and authorized the attorney "to proceed with the pending motion for new trial and thereafter with any appeal deemed appropriate by said counsel, and said counsel may proceed out-of-time." Following the denial of his motion for new trial, Pugh appeals his conviction.

On appeal, Pugh contends that the trial court erred in its charge on obstruction of a correctional officer and in admitting a statement made by Pugh in an administrative hearing, that the State made improper statements during its closing arguments, and that the evidence was insufficient to support his conviction. Upon our review, we discern no reversible error, and affirm Pugh's conviction.

"On appeal, this Court determines evidence sufficiency. We do not weigh the evidence or determine witness credibility. The evidence is sufficient as a matter of law if, when viewed in the light most favorable to the verdict, a rational trier of fact could find all the essential elements of the crimes charged beyond a reasonable doubt." (Citations omitted.) *Shaw v. State*, 247 Ga. App. 867, 869 (2) (545 SE2d 399) (2001).

So viewed, the evidence demonstrates that Pugh, who was an inmate at Reidsville State Prison, approached the officer in charge of the prison store and asked him to open the store. The officer refused and explained that he operated the store on a "building to building, dormitory by dormitory" basis. He told Pugh that after he opened the store he would "come to [Pugh's] dormitory and pick them up to go to the store." Pugh cursed the officer, and the officer ordered him to go back to his dormitory. After Pugh refused and "stepped up in [the officer's] face in an aggressive manner," the officer put his hand on Pugh's chest and pushed him back. Pugh, subsequently, swung at the officer and hit him in the face, after which the officer called for assistance and tried to restrain Pugh. The two men struggled and fell to the ground, and Pugh continued hitting the officer. There were 15 to 20 other inmates in the area and the officer, who was alone, was afraid that the others might join in the altercation. He testified that he "hung onto the inmate until I got some help there."

One of the officers responding to the altercation testified that after they handcuffed Pugh, he noticed that the officer involved in the altercation had blood all over his face and shirt. Another officer testified that he was the first to arrive and saw "Pugh['s] hand striking [the officer, and the officer] trying to hold [Pugh] down to the ground as much as possible. But the only thing that was loose was one hand striking [the officer] over and over." The officer had scratches and a swollen jaw, and Pugh suffered no injuries, although the nurse who examined him testified that Pugh told her that his partial plate had fallen out of his mouth and broken.

Pugh contended that he hit the officer in self-defense. He maintained that on the day of the incident, he was walking in the hall while the officer was trying to clear the hall. He testified that when he was "leaving to go to my dormitory . . . [the officer] stepped in front of me. He say I said get in the dorm room and he pushed me. He didn't put his hand, he pushed and he raised his walkie talkie. When he raised his walkie talkie, I didn't know what he was going to do. So when he came forward I hit him." Pugh was charged with felony obstruction of a correctional officer.

1. Pursuant to OCGA § 16-10-24 (b), a person is guilty of felony obstruction of an officer when he "knowingly and willfully resists, obstructs, or opposes any law enforcement officer . . . in the lawful discharge of his official duties by offering or doing violence to the person of such officer." Although Pugh argues that he presented evidence sufficient to show that he acted in self-defense, he asks this Court to do what we are not authorized to do, which is to weigh evidence and determine witness credibility. See *Payne v. State*, 248 Ga. App. 158, 159 (1) (545 SE2d 336) (2001) (This Court "does not weigh the evidence or determine witness credibility. [Cit.] Conflicts in the evidence are for the jury to resolve. [Cit.]").

Thus, viewed in the light most favorable to the jury's verdict, the evidence in this case was sufficient to enable a rational trier of fact to find Pugh guilty beyond a reasonable doubt of the offense of obstruction of the officer in the lawful discharge of his duties. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. Pugh next contends that the trial court erred in its charge on felony obstruction of a correctional officer because it also included the elements of misdemeanor obstruction, thus confusing the jury as to the elements necessary to support his conviction.

The trial court charged the jury as follows:

[T]he defendant is charged with the offense of obstruction of a correctional officer, a felony. The offense is defined as follows: A person commits the offense of obstruction of an officer when that person knowingly and willfully obstructs

or hinders a law enforcement officer in the lawful discharge of his official duties. . . . A person commits the offense of obstruction of an officer, a felony, when that person knowingly and willfully resists or opposes any law enforcement officer, prison guard, or correctional officer in the lawful discharge of official duties by offering to do or doing violence to the presence of the officer or legally authorized person.

At the charge conference, Pugh complained that the trial court "was being repetitious on the charge on obstruction of an officer in that you've given it twice," and that the court should only charge the "strict language of [OCGA § 16-10-24[1]] subparagraph B which defines the felony offense." The trial court responded that it was giving a general definition of the offense, and "then what elevates it up to a felony."

We discern no error. "The trial judge may, of its own volition and in its discretion, charge on a lesser crime of that included in the indictment or accusation. Misdemeanor obstruction of an officer is a lesser included offense of the indicted offense of felony obstruction." (Citations and punctuation omitted.) *Rodriguez v. State*, 211 Ga. App. 256, 257 (2) (439 SE2d 510) (1993).

3. Pugh next argues that a statement he made in an administrative hearing was not given to him as required by OCGA § 17-16-4, and also that the trial court erred when it did not conduct a *Jackson-Denno*[2] hearing to determine if the statement was voluntary.

During Pugh's cross-examination, the State attempted to impeach him with a statement Pugh made during the disciplinary hearing following the incident, and asked him to read the statement. Pugh's counsel objected and said that it would not be proper for Pugh to read the statement because it appeared that someone other than Pugh wrote it. Following a bench conference, the judge ruled that the statement would not be allowed in.

Pursuant to OCGA § 17-16-4 (a) (1), the prosecutor shall, among other things, "disclose to the defendant the substance of any other relevant written or oral statement made by the defendant while in custody." Pugh never argued that the State failed to comply with the aforementioned discovery provisions, nor did he request a *Jackson-Denno* hearing to determine the voluntariness of his hearing statement. As such he is precluded from making these arguments for the

---

[1] Under OCGA § 16-10-24 (b), "[w]hoever knowingly and willfully resists, obstructs, or opposes any law enforcement officer . . . in the lawful discharge of his official duties by offering or doing violence to the person of [the law enforcement] officer" is guilty of felony obstruction of an officer.

[2] See *Jackson v. Denno*, 378 U. S. 368 (84 SC 1774, 12 LE2d 908) (1964).

first time on appeal. See *Richardson v. State*, 265 Ga. App. 880, 882-883 (2) (595 SE2d 678) (2004).

4. Pugh last complains about comments in the State's closing argument that he maintains were prejudicial and inflammatory. In his closing, the prosecutor stated that, "But for the grace of God we could be standing here today on a murder charge versus obstruction of a correctional officer." Pugh objected to the statement as outside the evidence and inflammatory, and the trial court sustained the objection and instructed the jury to disregard the comment per Pugh's request for curative instructions.

> Where improper statements have been made by counsel in the presence of the jury, it is the duty of the judge to endeavor to remove from the minds of the jury improper impressions made by unfair argument; and in determining the proper method the judge is vested with a sound discretion, and his rulings thereon will not require a new trial, unless it manifestly appears that his discretion was abused. [Cit.]

(Punctuation omitted.) *Linley v. State*, 210 Ga. App. 504, 505 (436 SE2d 688) (1993).

Here, as noted, the judge sustained Pugh's objection and instructed the jury to give the remarks no consideration. Pugh requested no further action. Moreover, this is not a case where the statement was so prejudicial that no instruction of the trial court could eradicate the statement from the jurors' minds. See *Counts v. Moorehead*, 232 Ga. 220, 221 (206 SE2d 40) (1974). In these circumstances we do not think the judge was required to do anything more, and we discern no error.

*Judgment affirmed. Andrews, P. J., and Bernes, J., concur.*

DECIDED JUNE 23, 2006.

*McCullough & Swindell, Brantley J. Swindell*, for appellant.
*Tom Durden, District Attorney, Sandra Dutton, Assistant District Attorney*, for appellee.