A08A2088. GOODWIN v. THE STATE.
(669 SE2d 704)

MILLER, Judge.

A jury convicted Morris Goodwin of one count of armed robbery and one count of criminal attempt to commit armed robbery.

Goodwin appeals from the denial of his motion for new trial challenging the sufficiency of the evidence arguing that the State failed to prove the commission of the charged offenses by his use of an offensive weapon. Discerning no error, we affirm.

We view the evidence in the light most favorable to the verdict, and the defendant no longer enjoys the presumption of innocence. *Short v. State*, 234 Ga. App. 633, 634 (1) (507 SE2d 514) (1998). We do not weigh the evidence or determine witness credibility, but only determine if the evidence was sufficient for a rational trier of fact to find the defendant guilty of the charged offense beyond a reasonable doubt. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979). "Conflicts in the testimony of the witnesses . . . [are] a matter of credibility for the jury to resolve. As long as there is some competent evidence, even though contradicted, to support each fact necessary to make out the State's case, the jury's verdict will be upheld." (Citations and punctuation omitted.) *Patterson v. State*, 225 Ga. App. 515 (484 SE2d 317) (1997).

So viewed, the evidence shows that after being properly *Mirandized*,[1] Goodwin gave a custodial statement in which he admitted to police that he had entered a parked vehicle in Albany and unsuccessfully demanded that the driver, R. L. Maloy, hand over his wallet. He also admitted that he took Mrs. Maloy's purse at gunpoint when she returned to the vehicle after shopping nearby. Aldeen Simmons witnessed what occurred and observed the perpetrators speed from the scene. Shortly thereafter a nearby police officer observed a vehicle make an improper lane change. In the traffic stop which followed, the purse taken from Mrs. Maloy and a handgun matching the description of the weapon which had been used against the Maloys were recovered. The police then arrested the driver of the vehicle, Goodwin and another, both passengers. At trial, the Maloys identified Goodwin as the perpetrator, while Goodwin denied his involvement and recanted his pretrial statement, explaining that he wished not to implicate his companions in the incident. Goodwin also presented the testimony of his co-passenger who insisted that Goodwin had not committed the charged offenses because the handgun recovered at the traffic stop had been in the vehicle throughout the evening.

Goodwin attempts to refute the evidence against him based upon the testimony of a single witness and his testimony at trial in which he recanted his prior statement and indicated that he was unarmed during the incident. These arguments fail, however, in light of his pretrial statement, which was admitted without objection, the un-

---

[1] *Miranda v. Arizona*, 384 U. S. 436 (86 SC 1602, 16 LE2d 694) (1966).

equivocal testimony of the Maloys and Simmons, as well as the physical evidence recovered at the traffic stop. Collectively, this evidence was sufficient to establish that Goodwin used a weapon in committing the robberies at issue. See OCGA § 24-4-8 ("The testimony of a single witness is generally sufficient to establish a fact."); see also OCGA §§ 16-4-1 and 16-8-41 (a); *Patterson*, supra, 225 Ga. App. at 515.

*Judgment affirmed. Blackburn, P. J., and Ellington, J., concur.*

DECIDED NOVEMBER 18, 2008.

*Mark T. Phillips*, for appellant.
*Kenneth B. Hodges III, District Attorney, Gregory W. Edwards, Assistant District Attorney*, for appellee.